HAMRICK and Others *v.* BENCE and Others, Trustees, &c.

EVIDENCE.—CHURCH TRUSTEES.—To an action by certain persons claiming to be the trustees of a church, to have a conveyance to them of the church property, the defendants answered alleging that they themselves were the duly elected trustees of the church, &c. On the trial, the defendants offered in evidence a certified copy of the proceedings of the church meeting at which they were elected, and also offered to prove by parol the fact of such election, &c.

*Held,* that the evidence offered was admissible.

APPEAL from the *Putnam* Circuit Court.

RAY, J.—This was an action to have a deed set aside which had been executed to the appellants, who were defendants below, and for a conveyance of the title to the property embraced in the deed to the appellees. The appellees claimed to be the trustees of the church organization, and as such entitled to have the conveyance of the real estate on which the church was erected executed to them.

The appellants answered in several paragraphs. The fourth paragraph denied that the appellees were the legal trustees of the organization, but claimed that the appellants were such trustees, and therefore authorized to hold the property. A motion was made to reject this paragraph, but the motion was overruled, and no cross-error is assigned upon this action of the court. A reply to this paragraph, amounting to a denial that the appellants were such trustees, was filed.

On the trial, the appellants offered a certified copy of the meeting and proceedings of the church organization, resulting in their election as trustees, and also offered to prove the same by oral testimony, and that they were in fact received and regarded as such trustees by a majority of the members of said church, and exercised the said office, and that the appellees never were elected and are not trustees of such organization. The court refused to permit this evidence to be given, and the appellants excepted. Judgment was rendered for the appellees.

The only ground urged in this court to sustain the action of the court below in rejecting the evidence offered, is that the court should have sustained the motion to strike out the fourth paragraph, as amounting to a plea in abatement, for not being sworn to. The court, however, did not strike out the paragraph, and the appellees certainly cannot avail themselves of the error, if there was any, without a proper assignment. The evidence offered was within the issues, and should have been received.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*D. E. Williamson* and *A. Daggy*, for appellants.

*S. Claypool* and *J. A. Matson*, for appellees.