DRUMHELLER, ADMINISTRATRIX, v. THE FIRST UNIVERSAL-
IST CHURCH OF PIERCETON.

PARTIES.—*Church Organization.*—A church organization can sue only in the name of "wardens and vestrymen of ——— church ———;" or in the name of "trustees of ——— church ——."

From the Kosciusko Common Pleas.

*C. Clemans*, for appellant.

*J. H. Taylor*, for appellee.

BUSKIRK, J.—This was a claim in favor of the appellee and against the appellant. The claim was transferred to the issue docket. The appellant demurred to the cause of action, but the demurrer was overruled, and an exception taken. The cause was submitted to the court for trial and resulted in a finding for the appellee, and, over a motion for a new trial, judgment was rendered on the finding.

The errors assigned are based upon the action of the court below in overruling the demurrer to the cause of action and the motion for a new trial.

The first objection urged to the cause of action is, that the plaintiff possessed no capacity to sue. The point insisted on is, that the action should have been brought in the name of the trustees of the church.

It is provided by the first section of an act approved March 1st, 1855, 1 G. & H. 212, "that the wardens and vestrymen of any parish or congregation of any church in this State, duly chosen according to the provisions of this act, in accordance with the rules and usages of said church, after a record of such election shall have been made as herein provided, shall be deemed a body corporate and politic, under the name of wardens and vestrymen of ——— church, ———, and by such name shall have power to contract and be contracted with, sue and be sued, with the like effect as other persons and corporations."

The eighth and ninth sections of an act approved June 17th, 1852, the second section of which in express terms

declares that the act shall apply to and embrace churches, are as follows:

"Sec. 8. Any society may select or appoint trustees according to its common usage or custom, if they desire it; but a certificate of such selection or appointment, and the record of the same, as in case of their election" (which is provided for in the third and fourth sections), "shall not be dispensed with.

"Sec. 9. Such trustees shall be deemed a body politic and corporate, under such name and style as the society may elect, and by that name shall have power to contract, sue, be contracted with, and sued, with like effect as other persons or corporations."

An act entitled an act to authorize churches to form a union, assume a new name, appoint trustees, and to enable them to receive conveyances of lands and donations of personal property, was approved December 21st, 1858.  2 G. & H. 214.

By the third section of the act, it is provided that the trustees chosen in accordance with such act "shall be deemed a body politic and corporate by the name and style of the 'trustees of ———,' and by that name shall have power to contract and be contracted with, sue and be sued, to receive and dispose of real and personal estate, for the sole use and benefit of said new church, in like manner and with like effect as other persons or corporations."  2 G. & H. 215.

It is quite clear to us that the plaintiff had no right to maintain this action. It has no corporate existence, unless it has been organized in one of the modes above provided for; and if it has, then the claim should have been filed in the name of "wardens and vestrymen of —— church ———," or in the name of the "trustees of —— church ———." They alone possess the power to sue, and by their corporate name they must be sued. *Hamrick* v. *Bence*, 29 Ind. 500.

The court erred in overruling the demurrer to the cause of action, for which the judgment must be reversed.

The conclusion reached renders it wholly unnecessary to consider the other questions discussed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the cause of action.