BLACKMAN *v.* THE STATE.

A complaint on a forfeited recognizance taken by a sheriff, not showing any authority in the officer to take the recognizance, is defective.

A sheriff has not such authority merely because he is sheriff. It is only where the party to be recognized is in his custody on legal process, that he has such authority.

An answer to such a complaint, averring that the person who took the recognizance was not sheriff, &c., and had no authority to take the same, is sufficient on demurrer.

The acts of a sheriff *de facto*, under color of office, are valid, although his right to the office be in dispute, and although it should turn out that he is not entitled to it.

*Thursday, June 23.*

APPEAL from the *Noble* Circuit Court.

WORDEN, J.—Complaint by the state against *Blackman*, on a forfeited recognizance. The recognizance, a copy of which is set out, appears to have been entered into before *Isaac Swartwout*, sheriff of *Noble* county, *Indiana*, on the 3d day of *October*, 1857, by *William H. Blackman* and *Elisha Blackman*, and is conditioned for the appearance of said *William H.* at the next term of the *Noble* Circuit Court, to answer to a charge of forgery. Averment of the non-appearance of *William H.*, and the forfeiture of the recognizance.

*Elisha*, on whom alone process was served, answered "that the supposed recognizance was not taken by any person by law authorized to take and approve the same; that said *Swartwout*, before whom the same purports to have been taken and approved, was not, at the time, the sheriff of said county of *Noble*, and had no authority to take and approve said recognizance, by reason whereof the same is void."

A demurrer to this answer was sustained, and final judgment rendered for the state. Exception having been taken to the ruling on the demurrer, the same is here assigned for error.

May Term, 1859.

BLACKMAN
v.
THE STATE.

The complaint is perhaps defective in not showing any facts authorizing the sheriff to take the recognizance in question. It is not averred in the complaint, nor does it appear by the recognizance itself, a copy of which is set out, that the sheriff had any warrant or process for the arrest of said *William H. Blackman;* nor does any authority whatever appear for taking the recognizance. A sheriff has no authority, simply because he is a sheriff, to take and approve such recognizance. It is only where the party to be recognized is in his custody by legal process, that a sheriff is authorized to take a recognizance.

The answer, we think, was sufficient. It avers that *Swartwout* was not the sheriff of *Noble* county, and had no authority to take the recognizance.

The objection pointed out by the demurrer is, that the answer does not aver that *Swartwout*, at the time, &c., was not acting as the sheriff of *Noble* county. The answer, we think, is equivalent to an allegation that *Swartwout* was not sheriff, either *de facto* or *de jure*. If he was acting as sheriff in fact, under color of office, his acts would be valid, although his right to the office might be in dispute, and although it might turn out that he was not entitled to the office at all. But in such case we think the state should have taken issue on the allegations in the answer; and if, on the trial, it appeared that *Swartwout* was acting as sheriff under color of office, that would have been sufficient to sustain the recognizance, and if not, the recognizance would appear to have been taken by a mere usurper, without color of authority, and would be void.

The demurrer to the answer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison,* for the appellant.