May Term,
1860.

CREIGHTON
v.
PIPER.

———

CREIGHTON and Others, Township Trustees, on the relation of FARRAS, Supervisor, *v.* PIPER.

The offices of township trustee and supervisor are lucrative, within the meaning of § 9, art. 2 of the constitution.

In a suit which concerns the public, the title to an office—the officer being in the exercise of his duties—cannot be questioned collaterally, even when the officer is a party to the record.

*Thursday, May 31.*

APPEAL from the *Kosciusko* Court of Common Pleas.

DAVISON, J.—The trustees of said township [*Harrison*], on the relation of *Andrew Farras*, supervisor of road district No. 10, brought this action against *Piper*, before a justice of the peace, alleging in their complaint that the defendant did, on, &c., at, &c., obstruct a certain highway in said district, by erecting a fence across the same, to the entire obstruction thereof, &c. The justice gave judgment for the plaintiffs, and the defendant appealed.

In the Common Pleas, the parties made the following agreement of facts: "At an election in *Harrison* township, on the first *Monday* of *April*, 1857, *Andrew Farras*, the relator, was duly elected supervisor of road district No. 10, in that township. Pursuant to his election, he was duly qualified, and acted as such supervisor. After this, in *August* then next following, he was, by the board of commissioners of said county, appointed one of the board of trustees of *Harrison* township, to fill a vacancy which had occurred in that board, accepted the appointment, was qualified, and acted as such trustee; and he

continued, up until the commencement of this suit, to exercise the several duties of supervisor and trustee."

Upon these facts, the defendant moved to dismiss the action, on the ground that when it was commenced, there was no supervisor in road district No. 10, competent to act as such, &c. The Court sustained the motion, dismissed the action, and the plaintiff excepted.

The statute provides that any person who shall unnecessarily, and to the hindrance of passengers, obstruct any highway, shall forfeit the sum of 5 dollars, to be recovered before a justice of the peace, in the name of the township trustees, by the supervisor of the district; and for every day such obstruction is continued, such sum shall be recovered; and the supervisor, within three days after receiving information of such forfeiture, shall commence such suit; and that all such suits commenced by one supervisor, may be continued by his successor in office, and no costs shall be taxed against him therein. 1 R. S. p. 467, §§ 25, 26.

Section 9 of art. 2 of the constitution declares that no person shall hold more than one lucrative office at the same time; hence, it is argued that *Farras*, by accepting the office of trustee, vacated his office as supervisor; while, on the other hand, it is insisted that township trustee is not a lucrative office within the purview of the constitution. This latter position does not seem to be correct. Pay—supposed to be an adequate compensation—is affixed to the performance of the duties, both of trustee and supervisor. 1 R. S. pp. 462, 497, §§ 1, 19. This plainly determines each of them to be a lucrative office, and the offices cannot, therefore, be held by one person at the same time.

In *Daily* v. *The State*, 8 Blackf. 329, it was held that the offices of county recorder and county commissioner are lucrative offices within the meaning of the constitution, and that a county recorder, by accepting the office of county commissioner, vacated his office of recorder. This decision seems to be in point, and, in our opinion, settles the question under consideration.

But it is said in argument, that the two offices of supervisor and trustee, though they may be incompatible, still the acceptance of the latter could only be cause for declaring the former vacant by a direct proceeding; that *Farras*, in virtue of his election, was an officer *de facto;* that all his acts as supervisor, so far as the public are concerned, are valid, and cannot be questioned collaterally. As a general rule, a collateral inquiry cannot be made into the right, *de jure*, of one claiming to exercise the duties of a public office; but the appellee contends that the question is direct, and not collateral, where the assumed officer is a party to the record, seeking to enforce a right attached to the office, or is defending his own acts under the authority belonging to the office. This is not strictly correct, where the officer sues in his own right—for instance, if he was suing to recover damages for an injury received in the discharge of his duties, such as an assault—it would be a good defense that he was not a legal officer, but a wrongdoer, who might be interrupted in an attempt to assume the duties of the office; but the acts of an officer *de facto*, though his title may be defective, are valid, so far as they concern the public, or the rights of third persons, who have an interest in the things done. *The People* v. *Hopson*, 1 Denio, 575, and authorities there cited.

The result seems to be, that though the officer may be a party to the record, still if the suit concern the public, his title to the office (he being in the exercise of its duties) cannot be questioned, unless in a direct proceeding having for its object the contestation of his right to hold the office. *The People* v. *Stevens*, 5 Hill, 630.—*Green* v. *Burke*, 23 Wend. 490.—*The People* v. *White*, 24 *id.* 520.—*Taylor* v. *Skrine*, 2 Const. R. 696. In the latter case, it was held that, where a person had been appointed a judge under an act which was declared unconstitutional and void, his official acts were adjudged, nevertheless, to be valid until the commission was declared void.

In the case made by the agreed facts, *Farras* evidently had no personal interest. Acting as supervisor, he was not even liable for costs. The suit having for its object the

recovery of a penalty imposed by a public statute, plainly concerned the, public, who, alone, were interested. He must, therefore, so far as he acted in bringing this suit, be held a supervisor *de facto*. It follows that a recovery, in this instance, cannot be legally resisted on the ground that his title to the office is defective.

We are of opinion that the motion to dismiss the action should have been overruled, and the judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Ketcham*, *I. Coffin*, and *G. W. Frasier*, for the appellants.

*H. C. Newcomb*, *J. S. Tarkington*, and *J. H. Carpenter*, for the appellee.