## GUMBERTS v. THE ADAMS EXPRESS COMPANY.

JUSTICE OF THE PEACE.—APPEAL.—The failure of the justice to send up a transcript on an appeal taken from a judgment before him does not deprive the party of his appeal or furnish any ground for dismissing the appeal.

SAME.—APPEAL BOND.—That an appeal bond has been lost is no ground for dismissing an appeal, but the party appealing may, on proper motion, be required to supply a new bond.

OFFICER DE FACTO.—When one is in the exercise of an office in which the public is concerned, his authority as an officer in the performance of official acts can only be questioned in a direct proceeding to contest his right to hold the office.

APPEAL from the *Vanderburgh* Circuit Court.

GREGORY, J.—*Gumberts* sued the *Express Company* before a justice of the peace and recovered a judgment on the 13th of *April*, 1865. Within thirty days from that date, the appellee prayed an appeal to the court below, and filed an appeal bond

which was approved by the justice. At the *April* term, 1865, of the *Vanderburgh* Circuit Court, upon an affidavit filed on the part of the appellee stating these facts, and that the justice had failed to certify and transmit the transcript; that he had left the State, and that his docket had been deposited with one *Stinson*, a justice of the peace, the court allowed the appeal, and made an order requiring *Stinson* to certify the case, and that a copy of the order issue to the sheriff to be served on *Stinson*. Before this order was served, the docket had been transferred to another justice of the peace. At the *April* term, 1866, the appellee filed an affidavit in the court below, setting forth that "previous to, or at the *October* term, 1865, of the court, *Gaither*, the agent of the express company, on behalf of defendant, and the plaintiff, informed affiant (attorney of defendant) that they had compromised the case, *Gaither* agreeing to pay *Gumberts* $20,00 when he should discharge the judgment; that several times during the term, affiant urged *Gumberts* to discharge the judgment and settle up the case, in order that the proceedings for appeal might be dismissed; that *Gumberts* promised to do so, and finally assured affiant that he would either attend to it during the term, or take no advantage of affiant's failing to cause the transcript to be filed at said term; wherefore affiant did fail and omit to cause the transcript to be transmitted and filed, and the appeal perfected during the term." The court ordered that the defendant have leave to file a certified transcript of the proceedings and judgment of the justice, which was done, and the cause docketed.

The appellant moved the court to dismiss the appeal for the *laches* of the appellee in not perfecting his appeal with proper diligence, and because the appeal bond was not sent up and filed with the papers. The motion was overruled.

The statute provides that " on the filing of such bond the justice shall make out and certify a complete transcript of all the proceedings had before him, and transmit the same, together with such bond, and all other papers in the cause, to the clerk of the Court of Common Pleas, or the

Circuit Court, to which the appeal is taken, within twenty days thereafter, or failing so to do, shall forfeit all his cost in the case; but no such appeal shall be dismissed for such failure of the justice, nor for the insufficiency of the bond, if the appellant will file a sufficient bond to the acceptance of the Court of Common Pleas or Circuit Court." 2 G. & H., § 56, p. 595. The appellee was entitled to his appeal; the failure of the justice was no cause for dismissing it. Nor was the absence of the bond from the papers any ground for dismissing the appeal. If the bond had been lost, or was insufficient, the court, on a proper affidavit, should have made an order to supply it, or to have a sufficient bond filed. The court below committed no error in allowing the transcript to be filed, nor in overruling the motion to dismiss the appeal.

The appellee, in the Circuit Court, filed an answer: 1. That *McBride*, the person before whom the judgment was obtained, was not a justice of the peace at the time of the rendition thereof. 2. That *McBride* was duly elected justice of the peace, yet he never gave the bond nor took the oath required by law.

The appellant demurred to the answer; the demurrers were severally overruled, and this is assigned for error. The answer fails to show that *McBride* was not at the time a justice *de facto*, and is therefore bad on demurrer. The fact that the proceedings and judgment were had before *McBride*, as a justice of the peace, shows that he was in the exercise of an office in the performance of official acts in which the public were concerned. The authority of such an officer in the performance of such acts cannot be questioned, unless in a direct proceeding, having for its object the contestation of his right to hold the office. *Creighton v. Piper*, 14 Ind. 182. The appellee appeared before the justice and went to trial without questioning his authority. He was defeated, and then appealed from the judgment to the Circuit Court, and there, for the first time, set up that the person before whom the proceedings were had was not

a justice of the peace. Such a defense cannot avail the appellee. The court below erred in overruling the demurrers to the answer.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to sustain the demurrers to the answer, and for further proceedings.

*A. Iglehart,* for appellant.

*J. J. Chandler,* for appellée.

