CASE ET AL. *v.* THE STATE, EX REL. MANN.

CONSTABLE.—*Removal of from County.—Official Bond.—Liability of Sureties.*—Although a constable ceases to be a resident of the county in which he holds his office, yet he is still a constable *de facto*, under color of office, and his official acts are valid ; and for a breach of his official duty which occurs afterward his sureties are liable.

SAME.—*Constable's Right to Office can not be Questioned Collaterally.—Ouster.*—The right of a constable to his office can not be questioned collaterally, but only in direct proceedings for that purpose ; and until such proceedings are had, and he is ousted from his office, or his term expires, his sureties will remain liable for his misfeasance in office.

From the Pike Circuit Court.

*F. B. Posey,* for appellants.

*E. A. Ely* and *J. W. Wilson,* for appellee.

BIDDLE, J.—Suit before a justice of the peace by the appellee, against the appellants, as sureties of Darius C. Hutchins, a constable, upon his official bond. Breach, collecting money on execution in favor of the relator, and failing to pay it over. Answer before the justice, denial and two special paragraphs. Judgment for the plaintiff before the justice, and appeal by the defendants to the circuit court. The special paragraphs of answer before the justice were as follows :

" 2. That before the breaches alleged in the complaint, and before the writ of execution therein mentioned had been placed in the hands of said Hutchins, he, the said Hutchins, had abandoned his office of constable, and left

the county of Pike, and gone to the city of Evansville, in the State of Indiana, with the intention of there remaining and going into business, which the defendant Hutchins did, all of which were matters of public notoriety, and well known to the justice of the peace who issued said writ, and placed the same in the hands of said Hutchins for collection. Wherefore," etc.

" 3. That said Darius C. Hutchins, before the alleged breaches of said bond had been committed, and before said writ of execution had been placed in his hands, to wit, on the 4th day of May, 1875, had been elected marshal of the town of Petersburgh, in Pike county, State of Indiana, and had accepted said office, and filed his bond with the clerk of said town, as marshal, and had entered into the discharge of the duties thereof, all of which facts were matters of public notoriety, and well known to the justice of the peace who placed said writ in the hands of said Hutchins, and said justice had become bondsman for said Hutchins as marshal of the incorporated town of Petersburgh aforesaid. Wherefore," etc.

A separate demurrer for the want of facts was overruled to the second paragraph of answer, and exceptions reserved by the plaintiff. A separate demurrer for like cause was sustained to the third paragraph of answer, and exceptions reserved by the defendants. Trial; verdict for the appellee; judgment and appeal.

In this court the appellants assign the sustaining of the demurrer to the third paragraph of answer as error; and the appellee assigns the overruling of the demurrer to the second paragraph of answer as a cross error.

It is contended by the appellant, that the facts alleged in the second paragraph of answer show that Hutchins had ceased to be a resident of Pike county before the alleged breach of his bond had occurred; that, by ceasing to be a resident of Pike county, he abandoned and forfeited his

office as constable, and that for a breach of his bond, which occurred afterwards, his sureties are not liable ; but we think he was still a constable *de facto,* under color of office, and that his official acts were valid, and that for a breach of his official duty his sureties are liable. His right to the office could not be questioned collaterally; it could be done only in a direct proceeding for that purpose. Until such proceedings were had, and he was ousted of his office, or his term expired, his sureties would remain liable for his misfeasance in office. *Blackman* v. *The State,* 12 Ind. 556; *Creighton* v. *Piper,* 14 Ind. 182; *Gumberts* v. *The Adams Express Co,* 28 Ind. 181; *Bansemer* v. *Mace,* 18 Ind. 27.

The cases cited by the appellants all go to the question of testing the right to hold office by a *quo warranto,* and are therefore not applicable to the question presented in this case.

We think the court erred in overruling the demurrer to the second paragraph of answer, but it was an error of which the appellants can not complain.

By the above ruling it has become unnecessary to examine the cross errors.

The judgment is affirmed, at the costs of the appellants.