Caskey v. City of Greensburgh *et al.*

No. 9876.

CASKEY v. CITY OF GREENSBURGH ET AL.

INJUNCTION.—*Proceedings to Open Street in City.—Damages.—Presumption.*—The act of March 17th, 1875, forbids an injunction against the opening of a street in a city, if damages have been assessed and tendered; and, until the contrary appears, it will be presumed that the damages were assessed and tendered.

SAME.—*City Commissioners.—Notice.—Assessment.*—It would not be cause for injunction, that the oaths of the city commissioners were not endorsed on their certificates of appointment according to law; nor that the commissioners did not take the oath of office required by law; nor that the plaintiffs did not have notice of an adjourned meeting of said commissioners, at which the assessments were made.

SAME.—*Pleading.—Notice of Meeting of Commissioners.*—A pleading must state facts, not legal conclusions merely. The averment, that the plaintiffs did not have notice, does not exclude the idea that the appellant, one of the plaintiffs, was notified. If she had notice of the first meeting, she was bound to take notice of the adjournment. If the appellant had no notice of either meeting, she is not entitled to an injunction, because the act specially provides a remedy.

Caskey v. City of Greensburgh et al.

SAME.—*City Commissioners.*—*De Facto Officers.*—*Collateral Attack.*—The requirements concerning the oath of the city commissioners is directory. If not sworn, they were *de facto* officers, and the validity of their acts can not to be questioned collaterally.

SAME.—*Remedy at Law.*—Where there is an adequate legal remedy, an injunction will not be granted.

From the Decatur Circuit Court.

*W. A. Moore, C. Ewing* and *J. K. Ewing,* for appellant.

*B. F. Bennett, J. D. Miller* and *F. E. Gavin,* for appellees.

WOODS, J.—The appellant and three others, who have refused to join in the appeal, sought an injunction against the appellees, forbidding them to proceed with the opening of a street, which, under the act of March 17th, 1875, 1 R. S. 1876, p. 318, the common council of the city had ordered to be opened, and which order, it is alleged, the appellee Forsythe, as street commissioner, was about to execute, to the irreparable injury of the plaintiffs.

It is charged in the complaint "that the proceedings to open the street are illegal and void in this, to wit:

"*First.* The oaths of the commissioners were not endorsed on their certificates of appointment, as required by law.

"*Second.* The commissioners did not take the oath of office required by law, as plaintiffs verily believe.

"*Third.* The plaintiffs had no notice whatever of the meeting of the commissioners on the 2d day of September, 1881, but on the contrary made an effort to obtain such information from the commissioners as would enable them to be present at such meeting, and could not obtain such information or notice, and the report and assessment were made in their absence, and without their knowledge; that none of the plaintiffs were present at the meeting of September 2d; nor had they any notice thereof, nor of the adjournment from the meeting of August 16th; that the commissioners were not legally qualified, nor authorized by law, to act as such. Wherefore," etc.

The following provisions of the act referred to are pertinent to, and indeed controlling of, the points to be decided:

The 1st section provides for the appointment, by the circuit court, of five resident freeholders of such city as city commissioners, who, " before entering upon the duties of their appointment, shall take an oath to faithfully and impartially discharge their duties as commissioners, which oath shall be endorsed upon their certificate of appointment."

" A majority of such commissioners may act, determine and make valid and effectual reports." Sec. 3.

" If there be a defect of notice. or failure of notice as to one or more interested persons, such failure or defect shall not affect such proceedings, except in so far as they may touch the interests or property of such person or persons themselves, and shall not avail any other person concerned in such proceedings. Upon the application of persons whose lands or property shall have been assessed, but who have not had notice, which they must affirmatively show, the city clerk shall notify such commissioners, who shall meet upon their own motion, hear and determine the claims of such persons, to whom five days' notice shall be given, and report to the council. In case they are entitled to damages which have not been assessed, the same shall be paid out of the city treasury, and in case the land shall have been assessed with benefits, and the commissioners deem the assessment just, the original assessment shall be deemed valid and effectual, and shall be enforced as originally made." Sec. 7.

Within twenty-eight days after a report of the commissioners has been made, it may be accepted, or " The common council may refer back the matters reported upon to said commissioners, with such suggestions as they may deem proper," " and may also call the attention of the commissioners to errors and defects, if any there be in such report." Sections 8 and 23.

An appeal may be had by " any person having an interest in the lands, affected by such proceedings. * * Upon such appeal may be tried the regularity of the proceedings of the commissioners, and the questions as to the amount of benefits or damages assessed, but such appeal shall not prevent such

city'from proceeding with the proposed appropriation, nor from making the proposed change or improvement. * * If the transcript shall show that a majority of such commissioners were present at the meeting in which were had the proceedings appealed from, then no question shall be considered or tried concerning the request of the common council to the commissioners, nor as to the character of the notice or manner of serving it upon said commissioners. * * No question shall be tried concerning the regularity of the appointment of the commissioners, their qualifications or competency ; unless the appellant, by answer, duly verified, shall put such matter in issue," etc. Section 14.

"If the commissioners make a report to the common council, as herein provided, no injunction shall lie to restrain proceedings, unless the common council shall proceed to appropriate property upon which damages have been assessed, without first causing the same to be paid or tendered, but all other questions shall be raised and tried by appeal in cases where damages have been assessed, paid or tendered." Section 15.

The complaint shows, at least it is inferable therefrom, that damages were assessed in favor of the appellant, equal to the value of her land which was appropriated ; and the payment or tender of the amount assessed is not denied. This being so, the letter of the section of the statute last quoted is, that "no injunction shall lie to restrain proceedings."

We might stop here ; but, without this provision, it would be scarcely less clear that the ruling of the circuit court was right.

It is not denied that the persons who assumed to act as the city commissioners were the appointees of the circuit court, but it is alleged that their oaths were not endorsed on their certificates of appointment, according to law. This is not the averment of a fact but a legal conclusion. It is uncertain whether the pleader means to say that the oath was not endorsed on the certificate at all, or simply that, for some reason not given, the endorsement was not according to law.

Endorsement, strictly speaking, means a writing upon the back of the instrument or paper, and the allegation of the complaint may mean that the oath, in this instance, was written below the certificate, or elsewhere on the face of the paper.

But it is further alleged, upon the belief of the plaintiffs, that the " commissioners did not take the oath of office required by law." This averment is subject to the same criticism. It does not certainly mean that they did not take an oath to discharge their duties, but may mean that their oath, for some reason, was not such as the law required; perhaps because it was written upon the face of the certificate, instead of the back; or because the officer who administered the oath failed to append his jurat, or to sign his name, or to attach his official seal. A pleading should state the facts and not conclusions of law merely. *Brocaw* v. *The Board, etc.*, 73 Ind. 543; *Kellogg* v. *Tout*, 65 Ind. 146; *Clark* v. *Lineberger*, 44 Ind. 223.

There were four of the commissioners, and the averment that *they* acted without being sworn would not exclude the presumption that three of them had taken the proper oath; and the report of three would have been valid.

But, conceding that a *quorum* of the commissioners had failed to qualify, still the express provision is that the fact can not be brought into question on appeal, and, if not on appeal, certainly not in a complaint for an injunction.

It was competent for the Legislature to have provided that the commissioners might act without being sworn, and, in the light of all the provisions quoted from the statutes, it is evident that the requirement of an oath is directory merely, and that its omission can not be made cause for collateral attack upon the proceedings.

Having received from the city clerk certificates of their appointment by the court, and having, in obedience to the order of the common council, entered upon the duties of their office, in reference to the proceedings in question, the commissioners were officers *de facto*, acting under color of authority. "The

title of such an officer, or the validity of his acts as such, can not be indirectly called in question in a suit to which he is not a party; and this principle applies as well to judicial as ministerial officers." *Plymouth* v. *Painter*, 17 Conn. 585. *Steinback* v. *The State*, 38 Ind. 483; *Creighton* v. *Piper*, 14 Ind. 182; *Gumberts* v. *Adams Express Co.*, 28 Ind. 181; *Case* v. *The State*, 69 Ind. 46.

The allegation concerning notice is also defective. By the terms of the statute, no owner of property affected is permitted to take advantage of the failure to give notice to any other owner of such property. The plaintiffs were owners of separate properties, and had no joint or common interest. It may, therefore, be true, as alleged, that the plaintiffs did not have notice of the meeting of September 2d, and yet the appellant may have had notice. Moreover, it is not denied that the plaintiffs had due notice of the meeting on August 16th, and, having had notice of that meeting, they were bound to take notice of the adjournment, or, at least, it does not appear but that it was on account of their own fault, in failing to attend the first meeting, that they were ignorant of the adjournment to the second date.

Conceding, however, that the appellant was not duly notified of either meeting, she is not entitled to an injunction. The familiar rule applies, that an injunction can not be had, if the law furnishes an adequate remedy. The appellant had a plain and specific legal remedy under the provisions of section 7 of the statute, and, even without this section, it is not clear but that, under sections 8 and 23, she might have obtained a correction of any error or wrong committed against her.

The case of *The City of Logansport* v. *Pollard*, 50 Ind. 151, cited by counsel for the appellant, arose under a different statute, and is not applicable here.

Judgment affirmed, with costs.