Mowbray, Executor, *et al. v.* The State, *ex rel.* City of Peru.

————————◆————————

No. 9748.

MOWBRAY, EXECUTOR, ET AL. *v.* THE STATE, EX REL. CITY OF PERU.

OFFICIAL BOND.—*Death of Surety before Approval.*—That an official bond was not approved, or that the officer did not take office until after the death of a surety thereon, or an irregularity as to time of approval, does not affect the validity of the bond as his contract.

SAME.—*Pleading.—Surety.*—In a complaint on an official bond against the sureties, it is not necessary to allege that the officer took the oath of office, if it appear that he entered upon the duties of the office, and when so acting broke any of the conditions of the bond.

SAME.—*Demurrer.— Cause for.*—A demurrer to separate breaches of a bond, assigning for cause that the allegations thereof do "not entitle the plaintiff to the relief sought," raises no question, and may be overruled without error.

SAME.—*Cities.— Vacancies in Office.—City Treasurer.*—Where the council declares the office of treasurer vacant, and appoints one to fill the vacancy, the treasurer acquiescing, the appointee becomes treasurer *de facto*, and the fact that no vacancy existed can not be pleaded by his sureties to a suit for breach of his bond for failing to perform his duties while in office, or failing to pay over money belonging to the city.

SAME.—*Execution by Surety.—Cases Followed.*—That a surety signed an official bond upon a promise of the principal, not fulfilled, that others not named in the bond should sign it, or that others signed as sureties later whose names were not in the bond, is no defence; the doctrine held in reference to those questions in *Deardorff* v. *Foresman,* 24 Ind. 481, and *State, ex rel.,* v. *Pepper,* 31 Ind. 76, adhered to.

From the Miami Circuit Court.

*W. E. Mowbray,* for appellants.

*H. J. Shirk* and *J. Mitchell,* for appellee.

BLACK, C.—This was an action on the bond of James G. Goldsmith, as treasurer of the city of Peru, against said Goldsmith, William E. Mowbray, executor of the will of George S. Fenimore, a deceased surety, and the other sureties. Said executor has appealed, giving notice to his co-defendants.

The assignment of errors questions the action of the court in overruling the separate demurrer of said executor to the complaint, and in sustaining demurrers to the third, fourth, fifth, seventh and eighth paragraphs of his separate answer.

The first objection urged against the complaint is that it does not state the date of the death of said Fenimore. It is alleged that he died after the execution of the bond. Execution includes delivery. As the bond was approved two days after the date of the signing thereof, the 7th of May, 1877, when it is alleged to have been filed with the common council, it is contended that it should appear that the death did not occur until after the approval. And counsel for appellants further suggests the question whether the bond could take effect before the date at which the principal was entitled to enter upon the duties of the office, September 3d, 1877.

It is claimed by counsel for appellee that it appears by the complaint that the death was after the approval. Whether the pleading may properly be so construed we need not decide. The question is not whether the bond could take effect for the purpose of rendering the sureties liable for acts done before the approval of the bond. The officer is alleged to have entered upon the duties of the office after the approval, and all the breaches charged are alleged to have occurred thereafter. The bond is a contract by which the obligors engaged at the time of its execution to be responsible for violations of official duty occurring thereafter. Upon its execution it became in force, as against the obligors, for the purpose for which it was given. If there was a violation by the principal of any duty for the faithful performance of which the bond was conditioned, the surety would be liable upon his contract. From the time of the execution of the bond

the surety and his estate were bound. Here, as before said, there was approval, and the breaches were subsequent thereto ; but, indeed, approval of an official bond is not required for the benefit or protection of the sureties; and however important it might be for one asserting his rights as an officer to show his compliance with the requirements of law for induction into office, the statutory provisions for the approval of the securities given by him will, in an action on the bond against a surety, be regarded as directory, and the complaint thereon, showing a breach, will not be bad though it fail to state that the bond was approved. The fulfilment of the purposes for which such a bond is required by law should not be dependent upon the acts or omissions of other officers. It is sufficient, however, for the purposes of this case, to say that if it were true that the bond was not approved until after the death of a surety who had executed it, this would not invalidate the bond as his contract. Brandt Sure. & Guar., secs. 442, *et seq.; State* v. *Cromwell,* 7 Blackf. 70 ; *State, ex rel.,* v. *Blair,* 32 Ind. 313.

It is next objected that the complaint does not allege that Goldsmith took an oath of office, or that an oath was endorsed on his certificate of election, or that a certificate of election was issued to him.

A certificate of election is but evidence of title to an office, and, having shown that the principal was elected and entered upon the duties of the office, that he was an officer *de facto*, and that, by official misconduct, he violated the condition of the bond, it was not necessary to allege that he took the oath of office. What might be necessary for him to show if he were asserting his right to the office is not now in question. *Bansemer* v. *Mace,* 18 Ind. 27 ; *Case* v. *State, ex rel.,* 69 Ind. 46 ; Brandt Sure. & Guar., sec. 445.

The demurrer to the complaint stated a number of causes. In argument no question as to the complaint has been made except under the first and fifth causes. We have noticed all the objections made under the first cause, which was that the

complaint did not state facts sufficient to constitute a cause of action.

The fifth cause was thus stated: "And the said defendant further demurs severally to each of the allegations on the fourth page of said amended complaint, numbered respectively 1, 2, 3 and 4, for the reason that said several allegations, or either of them, *does not entitle the plaintiff to the relief sought.*"

Counsel in argument questions one of the four breaches assigned in the complaint, but the demurrer failed to state any ground of objection to a single breach recognized as a ground of demurrer by statute; and, regarded as a demurrer directed to the breaches severally, there could be no error in overruling it. *Kemp* v. *Mitchell,* 29 Ind. 163; *Porter* v. *Wilson,* 35 Ind. 348; *Goodall* v. *Mopley,* 45 Ind. 355.

No sufficient ground of objection to the complaint has been suggested, and we have discovered none.

The third paragraph of said executor's answer proceeded upon the theory that there could be no liability of his testator, because he died on the 18th of May, 1877, and, said Mowbray having been appointed executor of his will, notice of the appointment was given in a newspaper printed and published in said county, on the 1st of August, 1877, and said Goldsmith did not and could not enter upon the duties of said office until the 3d of September, 1877.

We think that what has been said in discussing the demurrer to the complaint sufficiently indicates that there was no error in sustaining the demurrer to this paragraph of answer.

The fourth paragraph relies for defence upon the allegation that there was no approval by the common council of the sureties named in the bond until it was executed and filed with the city clerk on the 9th of May, 1877. No want of sufficiency which would have been good reason for the disapproval of the bond by the council is alleged. The statute, R. S. 1881, sec. 3095, provides that such officer shall execute a bond, "with approved security," in such penal sum as the

common council shall by resolution or ordinance order and direct, not less than double the amount of the estimated tax-duplicate of the current year.

It is thought by counsel that, from the words "approved security," it should be inferred that the security presented with the bond should have been approved before the execution of the bond. Such inference does not necessarily arise from the language of the statute; but if such were the proper construction, an irregularity as to the time of approval could not affect the liability of the sureties. As well might they claim exemption because the penal sum was less than the minimum prescribed. A surety on such a bond can not be relieved from liability merely because the duty of examination into its sufficiency was not properly performed by those upon whom it is enjoined by law.

By the fifth and seventh paragraphs of answer it was sought to show that on the 7th of July, 1879, in the temporary absence of said Goldsmith from said city, the common council unlawfully, and without notice to him or his sureties, declared by resolution that said Goldsmith had abandoned said office, and that it was vacant, and appointed a successor for the unexpired portion of said Goldsmith's term of office.

By section 3101, R. S. 1881, it is provided that the common council may remove such an officer by a two-thirds vote, and the council is required to make provision in the by-laws and ordinances as to the mode in which charges shall be preferred and the hearing of the same had; and by section 3050, R. S. 1881, the council is empowered to fill all vacancies in such office.

The action of the council in this case did not purport to be a removal from office, but was a declaration of a vacancy therein. The resolution adopted, which is made part of the answer, stated that said Goldsmith, suddenly and without notice to the city, had absented himself, some days before, from said office, and had left no deputy or other person to transact the business of the office; that the sureties on his of-

Mowbray, Executor, *et al. v.* The State, *ex rel.* City of Peru.

ficial bond had caused an examination to be made of the books, accounts and vouchers in his office, which had resulted in finding that there was a large deficit, leading to the conviction, it was stated, that he was a defaulter, and had absconded, and had vacated his said office by abandonment. And it was declared that he had abandoned it, and that a vacancy was thereby caused in said office, and that it was the right and duty of the common council to fill said vacancy by appointment, etc.

If the facts were such as to create a vacancy the council had authority to fill it by appointment. When an appointment was made upon the assumption that there was a vacancy, and the appointee took possession of the office without opposition, he was an officer *de facto.* If Goldsmith were able to show that he had not abandoned the office, and that no vacancy existed when the appointment was made to fill the unexpired portion of his term, as a vacancy had not been judicially declared, he might have recovered the office by a proper proceeding for that purpose. Goldsmith having acquiesced in the action of the council in declaring a vacancy and filling it by the appointment of another, such appointee must be regarded as an officer *de jure.* Whether in defence to the single breach assigning that Goldsmith voluntarily abandoned his office, without appointing a deputy or in any manner providing for the transaction of the business of his office, the sureties might show that there was in fact no such abandonment as to warrant a proper declaration of a vacancy, need not be decided. It seems plain that the sureties could not make the action of the council an excuse for the principal's failure to perform official duties while in possession of the office, or his refusal to pay over money belonging to the city. See *State, ex rel., v. Jones,* 19 Ind. 356 ; *State v. Trustees, etc.,* 5 Ind. 87 ; *State, ex rel., v. Allen,* 21 Ind. 516.

The eighth paragraph of answer presents the question whether one who has executed a bond as surety may be relieved from liability thereunder on the ground that the names of sureties who signed it later were not in the body of the

---

bond when he executed it, but were inserted when they sev-
erally signed it. The question is also presented whether a
surety on a bond may show, in defence to an action thereon,
that he signed the bond and delivered it to the principal upon
an agreement between him and such surety that another per-
son not named in the instrument should be procured as a
surety before it should be delivered to the obligee, and that
it was delivered to the obligee by the principal without his
compliance with such agreement, and was received by the
obligee without notice of the condition or of circumstances
putting him on enquiry. That the surety can not make such
defences has often been held, but counsel ask us to overrule
the cases of *Deardorff* v. *Foresman,* 24 Ind. 481, and *State,*
*ex rel.,* v. *Pepper,* 31 Ind. 76, and the many cases following
them, and to go back to the doctrine of *Pepper* v. *State, ex*
*rel.,* 22 Ind. 399.

The questions should be regarded as finally settled. We
find no error.

PER CURIAM.—It is ordered, on the foregoing opinion,
that the judgment be affirmed, at the costs of the appellants.