Roberts *et al. v.* Hill *et al.*

Filed March 13, 1894.

---

No. 16,639.

### ROBERTS ET AL. *v.* HILL ET AL.

137 215
142 302

CORPORATION.—*Lodges and Societies.—Statute Construed.—Trustees.— Certificate of Election, Filing and Recording in Auditor's Office.*—Section 3819, R. S. 1881, requiring the clerks of certain lodges and societies to deposit in the county recorder's office a certificate of election of trustees, does not make such action, on the part of the clerk, a prerequisite to the exercise of the duties of trustees by those who have been elected to such office, the evident purpose of the statute being to enable the public to learn who constitute the official representatives of the organization, those possessing the power to sue and be sued on behalf of the organization.

SAME.—*Same.—Trustees.—Right to Sue.—Former Adjudication.—Collateral Attack.*—Where the trustees elect of such lodge or society, before filing or recording of notice of election, have invoked the jurisdiction of the court to enforce the claims of the society, the organization having interposed no objection to such proceeding, the proceedings are not void, and a judgment rendered therein will operate to estop the trustees from making a collateral attack upon such proceeding.

From the Rush Circuit Court.

*L. P. Newby, G. H. Puntenney* and *H. E. Barrett*, for appellants.

*B. L. Smith* and *C. Cambern*, for appellees.

HACKNEY, J.—The appellants, as trustees of R. Phil-

Roberts *et al. v.* Hill *et al.*

lips Lodge, No. 5, Free and Accepted Masons of Carthage, Indiana, sued the appellees for the reformation of a deed and to quiet the title to certain real estate.

By the second paragraph of appellees' answer, they pleaded a former recovery by them in a cause prosecuted to final judgment by the appellants for the reformation of the same deed and to quiet title to the said real estate. This answer, on demurrer, was held sufficient, and the appellants expressly admit its sufficiency in this court.

To this answer the appellants replied that said former action was prosecuted by them without authority, "by reason of the fact that their certificate of election as such trustees had not been recorded in the recorder's office of the county, where the real estate was situated."

Upon demurrer, the circuit court held this reply insufficient, and that ruling presents the only question before us.

Section 3819, R. S. 1881, required that a clerk chosen for any such society should, within ten days after any election of trustees, "deposit in the recorder's office * * * a certificate setting forth the notice of such election, the time and place where the same was held, the name of the society and persons elected as trustees thereof."

It is not alleged that the appellants were not elected trustees for said lodge, nor does it appear that any act or duty necessary to their title to the office was omitted, unless the failure of the clerk to comply with the statute quoted shall be held fatal to their powers as trustees.

In *Hamrick* v. *Bence*, 29 Ind. 500, it was held that the election of trustees could be proven by the proceedings of the organization either from the record of the organization or by parol. The statute in question was then in force, but express reference was not made to it. As an authority in the case before us, it is of no special strength.

There is nothing in the language of the statute, implying an intention to make the filing of the certificate of election a prerequisite to the possession or exercise of the duties of trustee by those who might receive the requisite vote of the organization. The evident purpose of the statute was to enable the public to learn who constituted the official representatives of the organization— those possessing the power to sue and to be sued on behalf of the organization—and to enforce such rights against the organization as might be maintained. It was not designed to enter into and form a part of the election of such trustees; on the contrary its performance necessarily follows every step in the proceedings by which the organization makes its choice. The duty, the omission of which is claimed to invalidate the election, is not upon the trustees or any one of them, but upon the clerk.

The contention of the appellants necessarily leads to the conclusion that though elected and engaged in the performance of the duties of trustees, their action was void because of an omission by the clerk. In this conclusion we can not concur. When in the office performing its duties, with no question by the organization of their power to act, and with no others in office or asserting claim to the office, their acts are at least those of officers *de facto* if not *de jure.* If officers *de facto,* it would not have been a sufficient answer for the appellees, in the original suit, to have pleaded the failure to file the certificate of election with the recorder. *Mechanics' National Bank* v. *Burnet Mfg. Co.,* 32 N. J. Eq. 238; *Charitable Ass'n* v. *Baldwin,* 1 Met. 363; *Green* v. *Cady,* 9 Wend. 414.

Such is clearly the rule as to public offices also. *Blackman* v. *State,* 12 Ind. 556; *Bansemer* v. *Mace,* 18 Ind. 27; *Case* v. *State, ex rel.,* 69 Ind. 46; *Mowbray,*

*Exec.*, v. *State, ex rel.*, 88 Ind. 324; *Parker* v. *State, ex rel.*, 133 Ind. 178.

We perceive no good reason why the rule should not apply in the case before us. The organization having interposed no objection to the action by Roberts and others in the former suit, and having by an election invested them with colorable authority to act in that behalf, and said Roberts and others having invoked the jurisdiction of the courts to enforce the claims of the society, the proceedings are not void, even if the appellees could have pleaded the failure to file the certificate of election to defeat the former action. In the collateral attack here made upon the former judgment the appellants must be held to be estopped.

Finding no error in the ruling of the circuit court, its judgment is affirmed.

Filed March 13, 1894.