# McNulty *v.* The State.

[No. 5,837.    Filed January 10, 1906.    Rehearing denied April 20, 1906.]

1. NOTARIES PUBLIC.—*De Facto.*—*Official Acts.*—*Abatement.*— *Collateral Attack.*—Where a notary public who accepts the office of deputy prosecuting attorney and who, after the expiration of such latter office, swears affiant to an affidavit charging defendant with the commission of a crime, such official act whether *de jure* or *de facto* can not be attacked by a plea in abatement to such criminal charge. p. 615.

2. SAME.—*Attorney and Client.*—*Attorney Swearing Client.*— *Abatement.*—A plea in abatement does not lie to the charge of misdemeanor because the notary swearing affiant to the affidavit charging such crime was also attorney for the prosecution. p. 616.

McNulty v. State—37 Ind. App. 612.

3. APPEAL AND ERROR.—*Appellate Court Rules.*—*Briefs.*—Where appellant fails to set out in his brief the instructions questioned, in terms or in substance, all questions thereon are waived. p. 616.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Prosecution by the State of Indiana against Charles O. McNulty. From a judgment of conviction, defendant appeals. *Affirmed.*

*John F. Neal* and *J. F. Beals,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *William C. Geake,* for the State.

BLACK, P. J.—This was a prosecution upon affidavit and information for selling intoxicating liquor at an unlawful hour, it being charged that the appellant, on or about, etc., at, etc., "did then and there, between the hours of 11 o'clock p. m. of such day, and 5 o'clock a. m. of the succeeding day, unlawfully sell to Frank Burkhart, at and for the sum of thirty-five cents, certain intoxicating liquor in less quantity than a quart at a time, to be then and there drank by said Frank Burkhart as a beverage," etc. The appellant filed his verified plea in abatement, a demurrer to which was sustained.

The appellant denied the jurisdiction of the court over him, for the following reasons: (1) The information was filed upon an affidavit made by Oscar W. Powell, purporting to have been sworn to before Walter L. Carey as notary public. Carey, on May 27, 1901, was duly appointed and commissioned by the Governor of the State of Indiana, as a notary public, and then as such duly took the oath of office, qualified, gave bond and entered upon the duties of the office, which appointment was the only appointment, power or authority he had from and after that date to act as notary public in this State. After he had so received said commission, and had so qualified and taken upon himself the duties of a notary public, but long before the making of such affidavit, Fred E. Hines, the duly

elected, qualified and acting prosecuting attorney for Hamilton county, Indiana, duly and legally appointed Carey as deputy prosecuting attorney within and for that county, he to receive as compensation for his services as such deputy one-half of the fees allowed by law to be taxed, which should be collected, in each case prosecuted by him as such deputy. Carey then duly accepted such appointment, entered upon his duties as deputy, prosecuted a number of the pleas of the State, and collected and received one-half of the fees allowed by law to be taxed in such cases for the prosecuting attorney, all of which prosecutions he conducted as deputy prosecuting attorney by virtue of said appointment by Hines, and said fees were taxed and collected by him by virtue of his appointment as deputy as aforesaid, until a short time prior to the making of said affidavit, when he was discharged from such office by the prosecuting attorney, Hines; and at the time of the making of the affidavit Carey did not hold such office of deputy prosecuting attorney. At no time after he so accepted the office of deputy prosecuting attorney did Carey take or receive any commission or authority to act as notary public within this State, or qualify as such, nor at the time he attempted to swear Powell to the affidavit was Carey a notary public, nor did he then have any power or authority to administer such oath to Powell.

(2) It was further averred that Carey had no authority, power or capacity to administer the oath to Powell, because at and before the time of the making of the affidavit Carey had been employed by some association, person or persons, unknown to the affiant, but not the State of Indiana or any of its officers, to procure evidence to sustain this prosecution, and on behalf of said association or persons to act as attorney in the prosecution of this cause for an agreed compensation, and was so acting as such attorney at the time he administered the oath to Powell, who had been and then was employed by said unknown persons or association to

procure evidence upon which to base this prosecution, for which he was to be paid an agreed compensation, all of which Carey at the time well knew; that by reason of the facts aforesaid Carey, at the time he administered the oath to Powell, had an interest in the commencement of this action and the prosecution thereof, and an interest in the prosecution, by reason whereof he was not disinterested, and had not capacity as notary public to administer such oath.

Assuming that the office of deputy prosecuting attorney is a lucrative office, by the acceptance of which the appointment of Carey as a notary was vacated, under §8041 Burns 1901, Acts 1891, p. 335, yet he had been duly appointed as a notary public, was duly qualified as such, and had entered upon the duties of the office, and the act of administering the oath was an official act which a notary public *de jure* might properly perform; and while at the time of administering the oath to the prosecuting witness Carey had no lawful authority to act as a notary public, yet his administering the oath was the act of an officer *de facto,* and could not be questioned collaterally, as the appellant sought to do by his plea. In administering and in certifying the oath, Carey was performing an act pertaining to the office of notary public under color of office by virtue of his appointment and qualification as a notary public. Though his right to do so was subject to be questioned, he was not a mere usurper without any color of authority. His official act could not be questioned collaterally because of his having no legal right to continue to act as such officer, as it might if he were not such an officer either *de facto* or *de jure. Blackman* v. *State* (1859), 12 Ind. 556; *Creighton* v. *Piper* (1860), 14 Ind. 182; *Bansemer* v. *Mace* (1862), 18 Ind. 27, 81 Am. Dec. 344; *Gumberts* v. *Adams Express Co.* (1867), 28 Ind. 181; *Case* v. *State, ex rel.* (1879), 69 Ind. 46; *Leech* v. *State, ex rel.* (1881), 78 Ind. 570; *Mowbray* v. *State, ex rel.* (1882), 88 Ind. 324; *Baker* v. *Wambaugh* (1885), 99 Ind. 312;

*Parker* v. *State, ex rel.* (1892), 133 Ind. 178, 200, 18 L. R. A. 567; *Davidson* v. *State* (1893), 135 Ind. 254, 259.

Ignoring the conclusions of law stated in the portion of the plea designated therein as the second paragraph, it does not appear therefrom that the notary public who administered the oath in question was interested as a party or could recover any judgment or be subjected to any judgment therein, or could become liable for any of the costs accruing therein. It merely appears that the person who as notary public administered the oath was employed for an agreed compensation, by persons unknown, to procure evidence on which to base the prosecution and to act as an attorney in the prosecution of the cause. The affidavit was the basis of the information, and, if it would affect the question, it does not appear that he was employed to procure false evidence or a false affidavit. Such matter did not constitute a valid reason why the accused should not be held to answer to the charge of misdemeanor. The administration of the oath was within the statutory authority of the notary public, and we know of no statute forbidding such an officer to act as such under the circumstances as alleged.

In *Yeagley* v. *Webb* (1882), 86 Ind. 424, it is said: "We know of no law in force in this State which forbids an attorney, who is also a notary public, from administering an oath to his client. The propriety of such an act may possibly be questioned, but the act is not illegal. The oath thus administered is a legal oath, and, if untrue, the affiant, might, doubtless, be convicted of perjury therefor." See, also, *Creighton* v. *Piper* (1860), 14 Ind. 182, 184.

Some objections are urged to the action of the court in refusing an instruction and in giving instructions, but none of these instructions are set out, nor is the substance of any of them stated in the appellant's brief.

The evidence was such that this court can not interfere with the result reached thereon in the trial court.

Judgment affirmed.