REED <em>against</em> GILLET.

Where, on the return of a *summons* before a justice, served *by copy,* the defendant does not appear, the justice may issue a *warrant.*

In an action of debt on a judgment in a justice's court, it is not necessary to show that the person, or justice, before whom the judgment was obtained, was a magistrate, or that he had not been superseded at the time the judgment was rendered. And if the record of the judgment is proved by the testimony of the justice, not on oath, without any objection being made at the time, it is sufficient.

IN ERROR, on *certiorari,* to a justice's court.

On the 5th of *June,* 1813, *Gillet* sued *Reed,* by summons, which was returned, served by copy.

A warrant was then issued, at the return of which the plaintiff declared in debt, on a judgment, recovered before *William Parkes,* on the 3d of *April,* 1813, alleging that he could not prosecute said judgment to execution because *Parkes* had been removed from office. The defendant pleaded, that judgment should have been rendered against him upon the summons, and that a warrant ought not to have been issued; and that the plaintiff had produced no evidence that *Parkes* was even a justice of the peace. These objections were overruled. *William Parkes* then stated, not on oath, but without

any objection being made, that the record produced in court was the original record of the judgment recovered before him, the amount of which had never been paid to him ; and the defendant admitted, in open court, that he had never paid any part of the judgment. Upon this the court below gave judgment for the plaintiff, for 18 dollars, 80 cents damages, and 2 dollars, 96 cents costs. The justice, in his return, assigned as one reason for his judgment, that he knew *Parkes* acted as a justice as late as the 1st of *April* then last, and that his *supersedeas* was dated on the 9th of *April* ; but added that he rendered judgment principally from the defendant's confession.

ALBANY,
August, 1815.

REED
v.
GILLET.

*Per Curiam.* This judgment must be affirmed. The defendant below not having appeared upon the service of a copy of the summons, it was regular in the justice to issue a warrant; and to have given judgment without issuing another summons, or a warrant, would have been erroneous. Nor is there any weight in the other objection, although the justice may not have assigned a good reason for overruling it. The objection was not that Justice *Parkes* had not been superseded, but that he was not a magistrate when he rendered the judgment, upon which the present suit was founded. The judgment was proved by the magistrate before whom it was obtained, in a manner not objected to, and which was equivalent to an admission of the judgment. This was, at least, *prima facie* evidence of the authority of *Parkes* to render such judgment ; and it would not be necessary, upon an action founded on that judgment, which remained in full force, to show that the person before whom it was obtained was a magistrate.

Judgment affirmed.