# PRESCOTT *v.* HAYES.

J. was duly appointed, commissioned and qualified as a justice of the peace for the county of Strafford, and acted in that capacity for several years.   He then removed his family to Maine, but he had an office and continued in business in said county of Strafford, and continued to act as justice of the peace for said county occasionally during the term for which he was originally appointed, and as one of those acts took the acknowledgment of the deed under which the defendant claimed title—*Held,* that, as between third persons having an interest therein, his acts could not be inquired into, he being shown to be an officer *de facto.*

THIS was a writ of entry, to recover certain land in Rochester, in this county.   Plea, the general issue.   The facts will appear in the opinion of the court.

*Wheeler & Hall,* and *Sanborn,* for the defendant.

*Wells & Eastman,* for the plaintiff.

SARGENT, J.   The plaintiff introduced evidence tending to show that the title to the land in question was in him;

that it had been duly attached by the plaintiff upon a claim against one G. H.; that judgment was recovered in his suit, and the land set off upon his execution.

The defendant claims as mortgagee of the land, in possession under a mortgage from said G. H., executed, and, as he claims, acknowledged and recorded before the attachment of the plaintiff. Now, if the defendant is right in these positions, he has a good defense against this writ of entry. That the defendant's mortgage was executed and recorded prior to the plaintiff's attachment, is not in controversy, and that it was in fact acknowledged before one Jones, as a justice of the peace for said county, before it was recorded, and before the plaintiff's attachment, is not disputed.

Was this acknowledgment valid and legal? Because, if it was, we may admit all that the plaintiff claims in regard to his own title, and yet the defense may be perfect. It is not here intimated that the debt from G. H. to the defendant, which the mortgage was given to secure, was not a valid and *bonâ fide* debt. The only question here raised is as to the sufficiency of the acknowledgment of the mortgage.

It appears that said Jones at the time held a commission as justice of the peace for the county of Strafford; that he had formerly resided in said county with his family; that he did so at the time of his said appointment, and for a while after; that he then removed his family to Maine, where they have continued to reside ever since; he living with his family and having his legal residence there, but doing business in this state and in said county, and having a place of business or office here, and spending most of his time during business hours in this county; and, while thus situated, he continued to do business occasionally as a justice of the peace in said county of Strafford, under his commission from the authorities of this state; and that he was not commissioned as a justice in Maine,

where his family resided. Upon this state of facts the court ruled that this acknowledgment was invalid, and that the defendant could take no title under it against a creditor; and the material question in the case arose upon an exception to this ruling.

The defendant claims that Jones might, under these circumstances, be a justice of the peace for this county *de jure,* but we have not considered that position; but, assuming that he was not so in fact, can that affect these parties? Can that question be properly raised and settled here, in a proceeding between third persons, to which Jones is no party? Was Jones an officer *de facto,* and was that sufficient in this case? We think the authorities settle all these questions in favor of the defendant.

In order to constitute an officer *de facto,* there must be some color of right, some pretense or claim of title by some appointment or election. He who assumes to execute the duties of an office without any color of title, is a mere usurper, and the acts of a mere usurper are void in all respects.; but the acts of an officer *de facto* are valid, when they concern the public, or the rights of third persons who have an interest in the acts done, and the title of such an officer can not be inquired into in any proceedings to which he is not a party.

Such an officer may act under those who have a legal right to appoint, but by an irregular or informal appointment; or he may have a regular and sufficient appointment, but may not have been duly qualified to perform his duties under it; or he may have removed, as in this case, and become, perhaps, disqualified to act, if his authority was being inquired into by the state, who gave him his commission, in a proceeding directly against him; yet so long as he has not been removed, nor his authority revoked; and when he is doing business in the county, and acting as magistrate, claiming authority under his commission, which is still in life, this must be construed

to give him some color of title ; and when such an officer acts under color of title, his acts, when not expressly declared void by statute, though the performance of them may be punishable by a penalty, are in all cases, when coming in question incidentally, and as to third persons, held to be valid. *Jones* v. *Gibson,* 1 N. H. 266; *Johnston* v.*Wilson,* 2 N. H. 205; *Londonderry* v. *Chester,* 2 N. H. 268; *Moore* v. *Graves,* 3 N. H. 408 ; *Morse* v. *Calley,* 5 N. H. 222 ; *Horne* v. *Whittier,* 6 N. H. 93 ; *Tucker* v. *Aiken,* 7 N. H. 113 ; *State* v. *Wilson,* 7 N. H. 545; *Cavis* v. *Robertson,* 9 N. H. 528; *Merrill* v. *Palmer,* 13 N. H. 184; *Portsmouth's Petition,* 19 N. H. 115 ; *Bean* v. *Thompson,* 19 N. H. 290 ; *Baker* v. *Shepard,* 24 N. H. 212 ; *Fowler* v. *Beebe,* 9 Mass. 231 ; *Commonwealth* v. *Fowler,* 10 Mass. 290 ; *Nason* v. *Dillingham,* 15 Mass. 170 ; *Bucknam* v. *Ruggles,* 15 Mass. 180 ; *Doty* v. *Gorham,* 5 Pick. 487 ; *Potter* v. *Luther,* 3 Johns. 481 ; *People* v. *Collins,* 7 Johns. 549 ; *McInstry* v. *Tanner,* 9 Johns. 135 ; *Reed* v. *Gillett,* 12 Johns. 296 ; *Wilcox* v. *Smith,* 5 Wend. 231 ; *Doe* v. *Brown,* 5 B. & Ald. 243 ; *Lorant* v. *Scadding,* A. & E. (N. S.) 706.

*New trial granted.*