No. 231.

## STARKE *v.* DICKS.

PROMISSORY NOTE.—*Fraudulent Procurement of.—Defending Against.—Return of Consideration.—Counter-Claim.*—Where the execution of a note has been procured by fraud, the maker can not avoid or defeat the note itself as a cause of action, while he at the same time retains the consideration, which he admits to be of some value, and for which the note was given. In order to destroy or defeat the note as a cause of action he must return or tender to the payee a return of the consideration which he had received from him, if it be of some value; not having done that, his remedy would be to sue for the fraud, or when sued on the note, defend by way of counter-claim.

SAME.—*Breach of Warranty.— When well Pleaded in Reply.—Departure.*—In a suit on a promissory note given upon an exchange of horses, a paragraph of answer was filed, alleging a breach of warranty given by the plaintiff to the defendant, respecting the stallion which the latter received from the former in said exchange.

*Held*, that a paragraph of reply addressed to said paragraph of answer was good which alleged a breach of warranty given by the defendant to the plaintiff respecting the mare which the latter received from the former in said exchange, and that it was not a departure from the complaint.

SAME.—*Evidence.—Conversation Concerning Warranty.—Competency of.—Condition of Animal as Breeder.—Evidence as to, Prior to Warranty.*—It was error in such action to refuse to permit the defendant to prove by a witness that a few days before the exchange of horses was effected, and while negotiations were in progress between the plaintiff and defendant in relation thereto, the plaintiff warranted the stallion which he sold to the defendant as a perfect breeder. It was not error to permit the plaintiff to show the condition of the stallion as a breeder two or three years before the date of said sale, as tending to show his qualities in that respect at the time the sale was made.

PRACTICE.—*Bad Reply.—Demurrer to.—Failure to Sustain.— When Harmless Error.—Evidence.*—The failure to sustain a demurrer to a bad paragraph of reply is harmless error if no evidence is introduced in support of that paragraph of reply.

SAME.—*Bad Reply.— When Sufficient.*—A bad paragraph of reply is good enough for a bad answer.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter*, for appellant.

*P. O. Colliver*, for appellee.

NEW, C. J.—This was an action by the appellee upon a promissory note, given upon an exchange of horses, the complaint being in the usual form.

An answer of three paragraphs was filed; first, the general denial; second, an attempt to plead an alleged fraudulent procurement of the execution of the note sued on, as a failure of consideration; and, third, counter-claim because of breach of warranty given by the appellee to the appellant respecting one of the horses—a stallion—exchanged.

Demurrers to the second and third paragraphs of the answer were overruled.

A reply in two paragraphs was filed; first, the general denial, and, second, a counter-claim addressed to the second and third paragraphs of the answer, because of a breach of warranty given by the appellant to the appellee respecting a mare which the latter received from the former in said exchange.

A demurrer was submitted to the second paragraph of the reply, overruled, and exception reserved.

The cause was tried by a jury, with finding and judgment for $270 in favor of the appellee.

A motion by the appellant for a new trial was overruled and exception taken.

For error the appellant assigns the overruling of the demurrer to the second paragraph of the reply, and the overruling of the motion for a new trial.

Counsel for appellant contend that the demurrer to the second paragraph of the reply should have been sustained because it is addressed to both the second and third paragraphs of the answer, and is not sufficient as to each; that, inasmuch as the second paragraph of the answer is pleaded as and counts upon a failure of consideration, the counter-claim asserted in the second paragraph of the reply can in nowise avoid or affect that paragraph of the answer.

So far as this paragraph of the reply is addressed to the second paragraph of the answer, it is sufficient to say, if it

be a bad paragraph, that a bad paragraph of reply is good enough for a bad paragraph of answer.

If the appellee, by fraud, procured the execution of the note sued on, as averred in the second paragraph of the answer, the note was not void but voidable, and the appellant can not avoid or defeat the note itself as a cause of action, while he at the same time retains the consideration, which he admits to be of some value and for which the note was given. The law will not permit him to treat the note as valid in part and void in part. If he wanted to destroy or defeat the note as a cause of action, he should have returned or tendered to the appellee a return of the consideration which he had received from him, it being of some value. Not having done that his remedy would be to sue for the fraud, or when sued on the note, defend by way of counter-claim. See *Regensburg* v. *Notestine, ante,* p. 97; *Heaton* v. *Knowlton,* 53 Ind. 357; *Joest* v. *Williams,* 42 Ind. 565; *Higham* v. *Harris,* 108 Ind. 246; *Worley* v. *Moore,* 97 Ind. 15; *Hauck* v. *Grautham,* 22 Ind. 53; *Hillenbrand* v. *Stockman,* 123 Ind· 598; 1 Sutherland Damages, p. 269.

It is further contended by appellant's counsel that the second paragraph of the reply is a departure from the complaint, and is, therefore, bad.

Whether this paragraph of reply can be said to be a departure from the complaint, or, if not, whether it can be properly pleaded to the third paragraph of the answer, we are not required to decide, because we find upon a careful examination of the record that no evidence was introduced in support of that paragraph of the reply. If, therefore, the demurrer to that paragraph should have been sustained, the failure to do so was harmless.

But can it be said to be a departure? While it does not consist of matter that is pursuant to the complaint, so to speak, it does support and fortify it, as does the reply of a set-off to a set-off, by preventing the reduction or obliteration, in whole or in part, of the sum demanded in the com-

plaint.  As it seems to us, both counter-claims are connected with the cause of action.  They both grow out of the " transaction " on account of which the note sued on was executed, to wit, the exchange of the horses.

The note was given for, and represents boot money between the stallion and the mare, which the appellant agreed to pay the appellee.

The warranty pleaded in the third paragraph of the answer was a warranty of the stallion by the appellee, while the warranty pleaded in the second paragraph of the reply was a warranty of the mare by the appellant.   Both of these counter-claims have an immediate and direct connection with the principal transaction, and no reason can be given why it was not in the contemplation of the parties that damages by way of counter-claim might arise upon the breach of one warranty as well as the other.

If a recovery upon the counter-claim of the reply is limited to a like amount arising from the counter-claim of the answer, whatever sum the appellee finally recovers will be upon his complaint alone.   No part of his recovery would come from any source save the note declared on in his complaint. We think the second paragraph of the reply is within the boundaries fixed by the first sentence of section 357 of the code, which reads as follows :

" When any paragraph of the answer contains new matter, the plaintiff may reply to it by a general denial ; and may, also, in separate paragraphs, reply any new matter which supports the complaint and avoids the new matter in such paragraph of the answer."

The appellant complains of the exclusion by the court of certain evidence.

The offer was properly made by the appellant to prove by the witness William Spencer that a few days before the exchange of horses was effected, and while negotiations were in progress between the appellee and appellant in relation thereto, the appellee said to the appellant that the stallion

was a perfect breeder, and that he would warrant him to breed all bay colts.

This evidence tended to support the third paragraph of the answer, and was therefore material. It seems to have been excluded upon the ground that the statement thus alleged to have been made by the appellee was not made at the time when the exchange or trade finally took place.

A contract is made, it is true, when the parties agree to it, and not before. If it be a contract by parol, it is made when the offer of one party is distinctly accepted by the other. If it be a contract in writing, it is made when all the parties have executed it.

It is also a well-established rule that when a contract is reduced to writing the legal presumption is that the entire contract, as finally settled, is embraced therein, but we know of no rule nor reason why, at the time of closing a parol contract, the parties should be required to again talk over or recapitulate all the terms of the contract.

It was a question of fact for the jury, under proper instructions from the court, whether the stallion had been warranted by the appellee, as alleged in the third paragraph of the answer.

The exclusion of this evidence was error, and has been well assigned as ground for a new trial.

Counsel for appellant further claim that the court erred in permitting the appellee to introduce evidence showing the number of colts begotten by the stallion in the years 1884 and 1885. There was no error in this.

The exchange of horses took place in 1887, and we are not prepared to say that the condition of the stallion two or three years before as a breeder would not tend to show his qualities in that respect at the time the trade was made.

The judgment is reversed, with costs, with directions to the court below to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed June 23, 1891.