Filed Feb. 4, 1892.

---

No. 288.

## RINEHART ET AL. *v.* NILES.

PRACTICE.—*Bad Reply Sufficient for Bad Answer.—Demurrer.*—A bad reply is sufficient for a bad answer on demurrer, and a demurrer to such reply ought to be carried back and sustained to such answer.

SAME.—*Demurrer.—Overruling of.—When not Available Error.*—When a demurrer was overruled to certain paragraphs of a reply, and it appears that the verdict for the plaintiff was upon proof admissible independently of the paragraphs to which the demurrer was addressed, the error, if any there was in overruling the demurrer, is not available error.

From the White Circuit Court.

*S. P. Thompson,* for appellants.

*T. F. Palmer* and *W. Niles,* for appellee.

ROBINSON, C. J.—This suit was brought to recover the balance alleged to be due on a promissory note for $840, bearing date March 30th, 1887, executed by the appellants to the appellee, due in one year after date.

Appellants answered the complaint in one paragraph. Appellee replied in three paragraphs: First. General denial.

The second and third were limited to the appellant Rinehart only.

Appellant demurred to the second and third paragraphs of the reply for want of facts, which was overruled and exception saved. The cause was tried by the court, and the finding and judgment was for the appellee.

The errors assigned are the alleged errors of the court in overruling the demurrer to the second and third paragraphs of the reply, and in overruling the motion for a new trial. All of the causes assigned in the motion for a new trial are waived in argument, except the third and fourth, which alleged "that the finding of the court was not sustained by sufficient evidence, and that there was error in the assessment of the amount of recovery ; said amount being too large."

The answer of the appellants was only as to a part of the note sued on, and alleged that a part of the consideration of the note was a mare purchased by the appellants of the appellee, described in a catalogue printed and published by the appellee, and fully set out therein ; that the appellee, to induce the sale of said mare, placed the catalogue in the hands of the appellant Rinehart, who believed the description to be true, and relying on and believing that the mare was out of a standard horse, to wit, Duke of Lexington, purchased the mare for $250, as a producer of standard bred trotting colts when bred to a standard bred trotting horse, under rule 7 of the National Association of Trotting Horse Breeders, reading as follows : " The progeny of a standard horse out of a mare by a standard horse," and would not have purchased the mare had the representations not been made ; that the mare was not in fact a descendant of Black Bashaw 782, as stated in said circular, and was not a standard producer when bred to a standard horse ; that the appellants continued to rely on the statements of the catalogue until May 10th, 1889, when the mare dropped a mare colt by a standard bred stallion, and the appellants applied to have the colt

registered under rule 7 as it then was, and learned that the mare was not a great-grand-daughter of Black Bashaw No. 782, and was incapable of breeding colts which could be registered in the American Trotting Register by reason of their breeding record; whereupon the appellants at once notified the appellee and offered to return said mare to appellee, but he refused to accept said mare; that the appellants also offered to pay the real value of said mare, to wit, the sum of $150, and take up said note, and appellee refused to make any reduction on account of said defect in the pedigree of said mare; that had the mare been bred as represented by the appellee she would have been worth $400, and bred as she is she was worth but $150. Wherefore, etc.

As we have seen, the second and third paragraphs of the reply were limited to the appellant Rinehart only. The second paragraph sets up that before the note came due, appellant Rinehart, by letter, acknowledged his liability on the note, and agreed that, in consideration of the extension of the time of payment of $500 of the principal for one year he would pay the interest on the note for one year and $340 of the principal, and at the end of the second year, would pay the remaining $500 with interest at the rate of 8 per cent, to which the appellee assented; and the appellant Rinehart made the partial payment as agreed, and the appellee accepted interest on the note for the first year at the rate of six per cent. instead of eight per cent., to which he would otherwise have been entitled by the terms of the note if it had not been paid when due, whereby the appellee sustained a loss and the appellants received a benefit of $16.80, and the appellee, in pursuance of the agreement, allowed the note to run another year.

The third paragraph of the reply sets up that on March 30, 1889, the appellant Rinehart, by letter, acknowledged his liability for the residue of the note, and paid the interest thereon for one year and $200 of the principal, and agreed that, in consideration of the extension of the time of

payment of the remaining $300 to May 15, 1889, he would pay the same with interest on that date, and in reliance upon that agreement the appellee did so again extend the time of payment.

The appellee demurred to the answer of the appellants, which was overruled and exception saved, and insists in argument that as the demurrer searches the record, and the answer was bad, there was no error in overruling the demurrer to the second and third paragraphs of the reply.

The practice is well settled that a bad reply is sufficient for a bad answer on demurrer, and that a demurrer to such reply ought to be carried back and sustained to such answer. *Knippenberg* v. *Morris*, 80 Ind. 540 ; *State, ex rel.,* v. *Mills*, 82 Ind. 126 ; *Hancock* v. *Fleming*, 85 Ind. 571 ; *Cupp* v. *Campbell*, 103 Ind. 213 ; *Richardson* v. *Seybold,* 76 Ind. 58 ; *Wilhite* v. *Hamrick,* 92 Ind. 594.

But we do not think it essential, in arriving at a conclusion upon the merits of the case before us under the record, to determine the question as to the sufficiency of the answer, or the sufficiency of the second and third paragraphs of the reply thereto.

The evidence is in the record, and it clearly appears, under the position the parties occupy in this court, that the ruling on the demurrers to the pleadings was harmless.

As before seen, the first paragraph of the reply was a general denial, addressed to the answer of both appellants.

The second and third paragraphs of the reply applied only to the appellant Rinehart. The complaint and the second and third paragraphs of the reply were based on paper writings, and were proved *prima facie* by the production of those writings. All the other evidence in the case was exclusively addressed to the answer and the general denial thereto.

The only contingency in which the two last paragraphs of the reply could have become important would have been upon a finding and judgment for the appellants on the answer and first paragraph of the reply.

In that case the appellant Rinehart would still have remained liable upon the facts alleged in the two other paragraphs of the reply. But that contingency did not happen. The court, under the evidence, held both appellants liable on the note sued on, independent of the facts pleaded in the second and third paragraphs of the reply, and the appellants on the trial had all the benefit of their answer, which was joint, that they could have had if the demurrer to the second and third paragraphs of the reply had been sustained. As to the appellant McCoy, the case was tried upon the complaint, answer, and reply of general denial; and, upon the issue as thus joined as to the appellant McCoy, the finding and judgment were against him, from which it conclusively appears that the facts alleged in the second and third paragraphs did not harm the appellants.

It is well settled that a case will not be reversed on account of a harmless error.

" On appeal to this court, a judgment will not be reversed unless the record shows affirmatively that an error or errors intervened in the proceedings below, and that such error or errors were, or probably were, prejudicial to the party complaining here."

" If, therefore, the reply was too narrow, it is nevertheless clear that the verdict does not rest upon it, but upon proof abundantly sufficient, and which was admissible independently of the bad paragraph ; and this being so, the error is not available."

"At all events, it was not, as the whole record plainly shows, an error that prejudiced the substantial rights of the appellants, and it is only substantial errors that entitle parties to a reversal." *Uhl* v. *Harvey*, 78 Ind. 26 ; *Mathews* v. *Droud*, 114 Ind. 268 ; *Cline* v. *Linsdey*, 110 Ind. 337 ; *Passmore* v. *Passmore*, 113 Ind. 237 ; *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261 ; *Trammel* v. *Chipman*, 74 Ind. 474 ; *Ward* v. *Berkshire Life Ins. Co.*, 108 Ind. 301.

The remaining contention of the appellants is that the

finding of the court was not sustained by sufficient evidence, and that the damages assessed were excessive.

We have carefully examined all the evidence. No good purpose would be subserved in setting it out. This court has so repeatedly decided that it will not reverse a judgment on the weight of the evidence that it is unnecessary to cite authorities in support of such rule.

In the case before us there was evidence tending to sustain the finding and judgment as to both of the appellants, independent of the facts alleged in the second and third paragraphs of the reply. As to most of the facts there was no conflict in the evidence, and where there was such conflict the question was determined upon the preponderance.

We find no error in the record for which the cause should be reversed.

The judgment is affirmed, at appellants' costs.

