Filed Nov. 17, 1892.

---

No. 588.

### JACKSON v. ESTATE OF BUTTS.

DECEDENTS' ESTATES.—*Proceeding Upon Claim.*—*Answer Alleging Filing of Final Settlement Account.*—*Insufficiency of.*—In a proceeding upon a claim against a decedent's estate, an answer was insufficient which showed the filing and pendency of the final settlement account of the administratrix before the filing of the plaintiff's claim, but which failed to show that the account for final settlement was filed after one year had expired from the time of giving notice by the administratrix of her appointment.

PRACTICE.—*Bad Answer.*—*Reply.*—*Demurrer.*—Any reply upon demurrer is good enough for a bad answer.

From the Clark Circuit Court.

*G. H. Voigt* and *E. B. Stotsenburg*, for appellant.

*M. Z. Stannard*, for appellee.

BLACK, J.—This was a proceeding upon a claim against a decedent's estate. An answer purporting to be the answer of the estate of the decedent and Elizabeth Butts, administratrix of said estate, was filed. The claimant filed a reply in two paragraphs, the first being the general denial.

The administratrix filed a demurrer to the reply, and the court having sustained the demurrer, the claimant excepting, and thereupon the " claimant failing and refusing to amend his reply or plead further, the court" rendered judgment on the demurrer for the defendant, the claimant excepting.

It perhaps was through inadvertence that the demurrer was sustained to the first paragraph of the reply.

The answer showed the filing and pendency of the final settlement account of the administratrix before the filing of the appellant's claim, but it did not show that the account for final settlement was filed after one year had expired from the time of giving notice by the administratrix of her appointment. Therefore the answer was insufficient. *Roberts* v. *Spencer*, 112 Ind. 81; *Roberts* v. *Spencer*, 112 Ind. 85; *Shirley* v. *Thompson*, 123 Ind. 454; *Schrichte* v. *Stites' Estate*, 127 Ind. 472.

As upon demurrer any reply is good enough for a bad answer, we need not examine the averments of the second paragraph of reply.

The judgment is reversed and the cause is remanded, with instruction to sustain to the answer the demurrer to the reply.

Filed October 27, 1892.