No. 1,072.

## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HENDERSON.

RAILROAD.—*Ticket and Freight Agent, When Entitled to Compensation for Extra Services Performed Out of the Line of Such Employment, at Request of the Company.*—*Master and Servant.*—Where a railroad company employs one as ticket and freight agent at one of its stations, at a regular salary, such employe may recover extra compensation for services rendered in carrying mail from the train to the postoffice, and *vice versa*, where the services are rendered at the request of the railroad company, without any agreement as to compensation, such service not being included in the general employment of ticket and freight agent.

PLEADING.—*Reply.*—*Sufficiency of.*—A bad reply is good enough for a bad answer.

From the Johnson Circuit Court.

*S. Stansifer*, for appellant.

*F. S. Staff*, *R. M. Miller* and *H. C. Barnett*, for appellee.

REINHARD, J.—The overruling of the appellant's demurrer to the first paragraph of the reply is the only error relied upon for a reversal of the judgment.

The case stands upon the third paragraph of the complaint, the third paragraph of the answer, and the first paragraph of the reply. The court having overruled the demurrer to the first paragraph of the reply, and "the appellant biding the demurrer, the case was submitted to the court for the assessment of damages," and there was judgment for the appellee for $100.

The substance of the averments of the third paragraph of the complaint is that the appellant, while under contract to carry the United States mail between its railway stations and the postoffices along its line of railroad where the same was less than eighty rods apart, and while operating its railroad through Johnson county, In-

diana, with a station called "Amity" upon said road, and in said county, the appellant wrote the appellee a letter, which was duly received by him, and in which appellee was requested to carry said mail between said station and postoffice, a copy of which letter is filed with the complaint; that in accordance with said letter appellee did carry, and caused to be carried, for appellant, said mail between said station and postoffice, for a period of 861 days continuously, from the 13th day of August, 1888; that the said services were of the value of 25 cents per day, making $215.25, which the appellant promised to pay, and which remains due and unpaid; that appellee has frequently, before the bringing of this action, demanded payment of appellant, but that the same has been as often refused.     Wherefore, etc.

The letter is as follows:

"LOUISVILLE, KY., August 13, 1888.

"Mr. Joshua Henderson, Agent, Amity.

"Dear Sir:   In accordance with our agreement with the Government, under which we transport the United States mails, we are under obligations to carry them between the postoffices and our stations when the distance is less than eighty rods, which happens to be at your station.   I wish you would arrange, upon receipt of this letter, to carry the mails back and forth between the postoffice and our trains.   Please acknowledge receipt.

"Very truly yours,

"W. F. BLACK, Superintendent."

The third paragraph of the answer reads as follows:

"3.  For answer to the third paragraph of the complaint the defendant says, that before and on said 13th day of August, and during all the time mentioned in said third paragraph of complaint, the plaintiff was employed by, and served, defendants as ticket and freight

agent at said Amity on a regular salary of, to wit, ten dollars a month, which was all the time paid to him, and, further, said letter was addressed to and said duty was required of him as such agent. Wherefore, defendants say that for said increased duties required by said letter, plaintiff's said salary is deemed in law to, and did, cover compensation for the same, and the defendants deny a promise as alleged."

A demurrer to this paragraph having been overruled, appellee replied in two paragraphs (the second in denial). The first reads as follows:

"1 Par. The plaintiff, Joshua Henderson, for reply to the third paragraph of defendant's answer, says, that the plaintiff was only and solely employed as ticket and freight agent, and the carrying of the mail is not a part of the work of the ticket or freight agent, and not a part of the duties of said employment; that defendant paid said sum of ten dollars per month for only a part of his time, to wit, that given to the duties of ticket and freight agent, and the plaintiff was entitled to the remainder of his time to labor for himself; that the labor of carrying the mail was a new and distinct one, for which he has received nothing from defendant, and taking much more of plaintiff's time not paid for by defendant."

Was the third paragraph of the reply sufficient?

It is insisted in argument for the appellant, that appellee being shown, in the answer, to have been the station agent of the appellant, the additional employment as mail carrier between the appellant's station at Amity and the postoffice became a part of his employment as such agent, and as the fact thus shown in the answer is not denied in the paragraph of reply to which the demurrer was addressed, it amounted to a confession of the same, and the appellee is precluded from further asserting such claim.

It is doubtless the rule that one employed at a regular salary to perform certain duties or labor, is not entitled to additional compensation on account of additional or increased labor in the same line of employment, not anticipated at the time of such employment, in the absence of an express promise to pay for such additional labor. Wood Master and Servant, p. 182, section 90.

On the other hand, it is not seriously denied, and must be conceded, we think, that if carrying the mail from the depot to the postoffice was not a part of the service required of appellee in connection with his employment as ticket and freight agent, then he may, if the circumstances otherwise warrant, recover.

As was said in *Cincinnati, etc., R. R. Co.* v. *Clarkson,* 7 Ind. 595: "Where a person is employed by the month or year, simply to attend to a particular branch of business, he may have a claim to compensation for services rendered on request out of that particular branch, even without an express agreement that such services should be paid for."

The appellant's counsel, however, asserts that the pleadings, when taken together, show that carrying the mail was within the line of appellee's employment as ticket and freight agent, or, at least, that they do not show, affirmatively, that such service was out of the line of his employment. The contention of counsel is that the intent of the parties must be gathered from the contract itself. Wood Master and Servant, p. 178, section 89.

The contract relating to the employment of the appellee as ticket and freight agent is not set out in the pleadings. The only reference to such contract is in the answer to which the first paragraph of the reply is addressed. Its terms are not set forth. All there is said about it is contained in the averment that "the plaintiff

was employed by, and served, defendant as ticket and freight agent at said Amity, on a regular salary, to wit, ten dollars a month, which was all the time paid to him."

We are unable to perceive how it can be held, as matter of law, that the employment as ticket and freight agent includes the duty of carrying the mail between the station and the postoffice. We know, judicially, that the United States mail is not carried upon railroad trains as freight, and, if it were, we do not suppose it would be contended that it is a part of the duty of a freight agent to carry the freight transported by his principal, between the depot and the place of business of the shipper or consignee. If, therefore, it devolved upon us to determine, as a matter of law, whether or not the duty of carrying the mail between the postoffice and the depot of a station on a railroad is included in the general employment of a ticket and freight agent at such station, we should be forced to hold the negative of this proposition. If, however, the appellant relies upon the terminology of the contract to establish this fact, the purport of such contract should have been specifically set forth in the answer. The answer here avers, in effect, that the appellee was employed as ticket and freight agent, and that such employment, *in law*, covered his compensation for the services of carrying the mail.

We do not think this answer sufficient to avoid the averments of the complaint, and if the answer was bad, the reply, though also bad, was good enough as a reply to a bad answer. *Cupp* v. *Campbell*, 103 Ind. 213.

But if we treat the answer as containing an averment that the general contract by which the appellee was employed in the service of the appellant required him to carry the mail, as a part of his duty, then this was an issuable fact, and one that was proper for the appellee to

traverse in the reply. Conceding that the reply is but an argumentative denial, we are unable to comprehend how the appellant could have been harmed by the overruling of the demurrer to it. The cases cited by appellant's counsel on this point do not hold to the contrary. *Scott* v. *Stetler*, 128 Ind. 385; *State, ex rel.*, v. *Roche, Admr.*, 94 Ind. 372; *Kernodle* v. *Caldwell, Admr.*, 46 Ind. 153.

We fully recognize the soundness of the doctrine that a bad reply can not be upheld when addressed to a good answer, although the matters set forth in such reply might have been proved under the general denial, also pleaded in reply. Thus, where a reply which meets only a portion of the averments of the answer, though addressed to the whole thereof, is demurred to, the demurrer must be sustained, although the matters set forth in such bad reply might have been given in evidence under the general denial, which was also filed. This is the extent of the holding in the cases cited by appellant's counsel.

We make no contention with counsel over the correctness of this ruling, but it does not meet the point under discussion.

In the reply before us the appellee admits that he was employed by the appellant as ticket and freight agent, but expressly avers that his contract in that employment did not require him to perform the work for which he has here sued. The reply is as broad as the answer, and the appellant could not have been harmed by it in any event, for if it amounted but to a denial of the contract set up in the answer, it still left upon the appellant the burden of proof upon the facts averred in such answer.

There is no available error.

Judgment affirmed.

Ross, J., was absent.

Filed Feb. 1, 1894; petition for rehearing overruled April 19, 1894.