GRIM v. ADKINS ET AL.

[No. 2,591.    Filed October 28. 1898.]

JUSTICE OF THE PEACE.—*Authority of Cannot be Questioned in Action for Replevin.*—Where one is acting as justice of the peace under an appointment, his authority cannot be questioned in an action brought against a town marshal to replevy goods levied on to satisfy a judgment rendered by such justice.  *pp. 107, 108.*

JUDGMENT.—*Execution.—Variance.*—A variance of five cents between the execution and the judgment on which the writ issued is not sufficient to destroy the identity of the judgment and render such writ void.  *p. 109.*

REPLEVIN.—*Of Goods Levied On by Marshal.—Costs.*—Pending an action in replevin against a town marshal and the execution creditor for goods taken on execution, the marshal returned a part of the goods not legally held by him.  Afterwards judgment was rendered against the plaintiff as to the remainder of the goods.  *Held,* that the court could properly make a division of the costs, taxing against the plaintiff all costs after the return of the property illegally held.  *p. 109.*

SAME.—*Action Against Marshal and Execution Creditor.—Costs.*—In the trial of an action in replevin against a town marshal and the execution creditor special findings of the court showed that the property was detained by the marshal on whom the demand had been made; that the execution creditor did not advise that the levy be made, and at no time had possession of the property.  *Held,* that the execution creditor was liable for no part of the costs.  *pp. 109, 110.*

From the Greene Circuit Court.  *Affirmed.*

*George O. Sample,* for appellant.

*Hempstead C. Shaw,* for appellees.

COMSTOCK, J.—Appellant, plaintiff below, brought this action against appellees to recover possession of certain personal property which he alleged they wrongfully withheld from him.  An issue having been formed by general denial, at the request of appellant the court made a special finding of facts and stated its conclusions of law thereon.  Appellant excepted to such special finding of facts.  A motion for a new trial was overruled, and judgment rendered against

appellant. The errors assigned are: (1) That the court erred in its conclusions of law upon the special finding of facts; (2) the court erred in rendering judgment on the special finding of facts and conclusions of law against appellant.

The court found that at the December term, 1893, of the board of commissioners of Greene county, David A. Foster was duly appointed a justice of the peace for Jefferson township of said county, to fill a vacancy of such office in said township; that in January, 1894, he qualified as such justice of the peace pursuant to such appointment; that at the general election held in November, 1894, said Foster was duly elected a justice of the peace of said township, but that he did not qualify after said election as such justice of the peace, but continued to discharge the functions of said office under said appointment; that after said election and while said Foster was so acting, Seyfont (appellee) brought suit before said justice of the peace against William Grim (appellant) for the possession of real estate and damages for its detention, which cause was tried and resulted in a judgment in favor of Seyfont for the possession of said real estate, and $5 damages for the detention of the possession thereof, and for costs; that thereafter said Foster, acting as such justice of the peace, issued a writ of possession and execution on said judgment to Adkins, the duly qualified and acting marshal of the incorporated town of Worthington in said county, commanding him to make the said sum of $5 damages with interest and costs accrued in said cause. Adkins levied on the goods set out in the complaint to satisfy said writ, whereupon appellant instituted this action to replevin the same. Appellant's theory is that Foster was not a justice of the peace when he rendered the judgment; that he "could not, under his appoint-

ment hold after the election, and that, as he did not qualify after his election, he could not hold by virtue of the election, and thereupon his acts were void, and that the acts of Adkins were also void so far as they related to said execution. Counsel for appellees contend that the question thus raised cannot be considered in this appeal, for the reason that the right to a public office cannot be tried in an action in replevin. Upon the subject of replevin it is stated in 20 Am. & Eng. Ency. of Law, at page 1047, that neither the right to an office, the constitutionality of a statute, nor the regularity and sufficiency of an execution can be tried. In *Baker* v. *Wambaugh,* 99 Ind. 312, it is held that the right of a justice of the peace acting under color of appointment to fill a vacancy cannot be questioned by a suit to enforce the collection of a judgment by him rendered. In *Gumberts* v. *Adams Express Co.,* 28 Ind. 181, it is held, that where one is in the exercise of an office in which the public is concerned, his authority as an officer in the performance of official acts can only be questioned in a direct proceeding to contest his right to hold the office. See, also, *Desmond* v. *McCarthy,* 17 Iowa 525; *Creighton* v. *Piper,* 14 Ind. 182; *M'Instry* v. *Tanner,* 9 Johns. 135; *Potter* v. *Luther,* 3 Johns. 431; *Reed* v. *Gillet,* 12 Johns. 296; *Parker* v. *State, ex rel.,* 133 Ind. 178; *Mowbray* v. *State, ex rel.,* 88 Ind. 324. In *Wilcox* v. *Smith,* 5 Wend. 234, the court says: "An individual coming into office by color of an election or appointment, is an officer *de facto,* and his acts in relation to the public or third persons are valid until he is removed, although it be conceded that his election or appointment was illegal." Foster was acting as justice of the peace under an appointment, and it is clear that his authority cannot be questioned in this proceeding.

Appellant's counsel further contend that because an execution for a greater amount than the judgment was issued, it was therefore void and can be attacked collaterally. The special finding shows that the judgment was for $5 and costs taxed at $18.20, while the execution commanded the officer to make the sum of $5, the amount of the judgment, and costs taxed at $18.25. In 8, Enc. Pl. & Prac., p. 429, upon this question the law is thus, as we think, correctly, stated: "A variance in amount between the execution and the judgment, which is not sufficient to destroy the identity of the judgment on which the writ issued, does not render the writ void, but voidable only, especially where the variance is small, and is due to clerical error, or to a miscalculation of the amount remaining due on the judgment," citing many decisions. The error in said writ is not sufficient to destroy the identity of the judgment.

Appellant's counsel further contend that the court erred in its fifth and seventh conclusions of law. The fifth conclusion of law is as follows: "Plaintiff should recover costs up to the return to plaintiff by defendant Adkins of the items of property mentioned in finding No. 10½." Said finding 10½ was in substance that on the 23rd day of August, 1896, defendant Adkins delivered over the possession to said Grim certain articles of property therein mentioned since the date of levy. The court found that defendant, appellee, was entitled to hold the remainder of the goods under the writ. The court properly in its discretion made a division of the costs. The seventh conclusion reads as follows: "That defendant Seyfort should recover his costs against the plaintiff, and that the plaintiff should take nothing against defendant Seyfort."

The findings show that the property was detained by Adkins; that demand was made on him for pos-

session of the property before the commencement of this suit; that Seyfort at no time had possession in person of any part thereof. Nor do the findings show that Seyfort advised the levy to be made on the goods, nor was any demand made on him for them. We find no error for which the judgment of the lower court should be reversed. Judgment affirmed.