## BECKETT *v.* LITTLE, ADMINISTRATOR.

[No. 2,876.   Filed October 12, 1899.]

PLEADING.—*Practice.—Harmless Error.*—Available error cannot be predicated upon the action of the court in overruling a demurrer to a bad reply, where the answer to which it was addressed was also bad. *pp. 67, 68.*

SAME.—*Partnership.—Decedents' Estates.*—In an action on a promissory note brought by the administrator of a deceased partner against a surviving partner, an answer charging that defendant, in the settlement of the partnership, paid out of his private funds a certain sum of money which he asked to be set off against the note, is fatally defective, where it was not alleged that the partnership was insolvent and its assets exhausted. *pp. 68, 69.*

APPEAL AND ERROR.—*Discrepancy Between Amount of Verdict and Proof.*—A cause will not be reversed on account of a discrepancy of a few cents between the amount of the verdict and the exact amount found to be due. *p. 70.*

SAME.—*Evidence.*—A judgment will not be disturbed on appeal on the weight of the evidence, where there is some evidence to support it. *p. 70.*

EVIDENCE.—*In Support of Bad Answer.*—Error cannot be predicated upon the action of the court in excluding evidence offered in support of a bad paragraph of answer. *p. 70.*

EVIDENCE.—*Partnership.*—In the trial of an action on a promissory note brought by the administrator of a deceased partner against a surviving partner, a statement made by experts, containing receipts, drafts, etc., pertaining to the partnership accounts, shown to have been taken from entries on the books made by defendant, after the death of decedent, on the information of the defendant that he had paid them, is not admissible in evidence. *pp. 70, 71.*

INSTRUCTIONS.—*Pleading—Partnership.*—Where in an action on a promissory note by the administrator of a deceased partner against a surviving partner defendant pleaded as a set-off certain sums of money paid by him individually in settlement of the partnership accounts without raising the question of the solvency of the partnership, no error was committed in instructing the jury that they had nothing to do with the question of the solvency of the partnership, or as to whether the defendant would have to pay the partnership claims from his individual funds on final settlement of the partnership accounts. *pp. 71, 72.*

From the Fayette Circuit Court. *Affirmed.*

*G. C. Florea* and *L. L. Broaddus,* for appellant.

*D. W. McKee, J. I. Little* and *H. L. Frost,* for appellee.

WILEY, J.—Appellee sued appellant upon a note executed by appellant and payable to appellee's decedent. Appellant answered in five paragraphs. In the third paragraph of answer it is averred that appellant and decedent entered into a partnership in November, 1889, under the firm name of Beckett and Burt, as equal partners to engage in the retail hardware business; that by the terms of said partnership, they were to share equally in the losses and profits of said business; that said partnership was dissolved in June, 1892, by the death of said Burt, and that since said dissolution appellant had been winding up the business of said partnership. It is further charged that when said partnership was formed, appellant did not have sufficient money with which to furnish his half of the capital, and the deceased loaned him such money, for which he executed the note in suit; that in the settlement of said partnership business, in the payments of the debts of the firm, appellant used $1,437.76 of his private funds, which sum was due and unpaid when said action was

Beckett *v.* Little, Adm.

commenced, and is still due and unpaid, and that said sum should be set off in a sum equal to the amount due on the note. An itemized statement or bill of particulars accompanies this paragraph of answer. The prayer of this paragraph of answer is: "And this defendant now asks, and offers to set off out of said amount due from him from said partnership, an amount equal to whatever amount may be found due said plaintiff on said note in suit."

In his second paragraph of reply to the third paragraph of answer, appellee averred that the note in suit was given for an individual debt owed by appellant to decedent; that at the death of the decedent his estate was and is still insolvent, and was being so settled; that the appellant is the surviving partner of the firm of Beckett and Burt, and that as such surviving partner he was then settling said partnership business in the said Fayette Circuit Court; that the claim is not an off-set against the note in suit, but is a partnership liability and "not a proper set-off against an individual debt." To this paragraph of reply, appellant demurred, which demurrer was overruled and an exception reserved.

We do not notice the other paragraphs of answer and reply, because the record does not present any question for review as to them. Trial was had by a jury, resulting in a verdict for appellee, and over appellant's motion for a new trial, judgment was rendered on the verdict. The action of the court in overruling the demurrer to the second paragraph of reply to the third paragraph of answer, and in overruling the motion for a new trial, is presented for review by the assignment of errors. We will consider these in their order. As to whether or not the court erred in overruling the demurrer to the second paragraph of reply to the third paragraph of answer, it is unnecessary for us to decide. If the third paragraph of answer was not good, the overruling of a demurrer to the second paragraph of reply, even though the reply was bad, would not be available error. This rule has been strictly adhered to in this State, and is well settled and

entrenched by the authorities. *Peden* v. *Cavins*, 134 Ind. 494; *Western Union Tel. Co.* v. *Trumbull*, 1 Ind. App. 121; *Starke* v. *Dicks*, 2 Ind. App. 125; *Rhinehart* v. *Niles*, 3 Ind. App. 553; *Jackson* v. *Estate of Butts*, 5 Ind. App. 384; *Pittsburgh, etc., R. Co.* v. *Henderson*, 9 Ind. App. 480; *Landon* v. *White*, 101 Ind. 249.

By a reference to the third paragraph of answer, all of the material averments of which appear above, it seems to us that it is fatally defective. Appellant as is shown by the answer was the surviving partner of appellee's decedent. He was, when the answer was filed, proceeding to settle the partnership under the provisions of the statute. At the same term of court, when the answer was filed, he filed his current report, as surviving partner, and a copy of that report was filed with the answer as an exhibit. The answer avers that appellant, in the settlement of the partnership business, expended over $1,400 of his individual funds, and that the partnership was indebted to him in that amount. There is no averment in the answer that appellee's decedent was indebted to him in any sum. The partnership business remained unsettled. There is no averment in the answer that the partnership was insolvent. The simple averment that appellant had expended over $1,400 of his own funds in the settlement of the trust can not supply the omission of the necessary averment that the partnership was insolvent. If the partnership was solvent, it was the duty of appellant to reimburse himself out of its assets, and until such assets were exhausted, he could not enforce any claim against the estate of the decedent to reimburse him for his individual means expended in the settlement of the partnership. The answer does not aver that all the assets of said partnership had been exhausted, nor that all the debts had been paid. For all that appears from the answer, the partnership may have had abundant property or means out of which all of its debts might have been paid. In the affidavit attached to his report, appellant states that he has collected all claims due said firm "and has paid and assumed all

the debts of said firm," but it nowhere appears, either in the answer or in the exhibit, that all the partnership property had been exhausted, or that the partnership was insolvent.

In *Huff, Adm.,* v. *Lutz,* 87 Ind. 471, it was held that a surviving partner who has not paid all of the partnership debts, but has paid thereon all the partnership assets, and merely assumed and secured the balance, has no right of action against the estate of the deceased partner. In that case the complaint alleged that the partnership was insolvent; that the surviving partner had paid all the partnership assets on the debts and had assumed and secured the balance, yet in an opinion by Bicknell, C. C., it was held that the complaint did not state a cause of action. The allegations of the complaint in that case were stronger by far than those of the third paragraph of answer we are here considering, for there it was alleged that the partnership was insolvent.

Appellant has not brought himself within the rule declared in *Olleman* v. *Reagan's Adm.,* 28 Ind. 109, in which it was held that where a surviving partner, after exhausting the partnership assets, is compelled to pay the residue of the partnership debts with his own money, he is entitled to recover from the estate of the deceased partner a moiety of the amount thus paid. While there may be other infirmities in the answer, and it is urged by appellee that there are, those pointed out make it fatally defective, and even if the reply was bad, there was no reversible error in overruling a demurrer to it.

In his motion for a new trial, appellant assigned twenty-four reasons, all of which, but the first and second, challenge the action of the court in admitting and rejecting certain specified evidence, and in giving to the jury certain instructions. The first reason assigned for a new trial questions the sufficiency of the evidence to sustain the verdict, and the second is that the verdict is contrary to law. It is most difficult to follow appellant's brief in the discussion of the questions arising under the motion for a new trial, and

we will examine only those which we think are fairly raised in the argument.

The first and second reasons for a new trial may be disposed of by saying that the evidence fairly sustains the verdict, for upon the face of the note and the credits indorsed thereon, the balance due at the date of the trial was the amount expressed by the verdict. While there is a discrepancy of a few cents in the amount of the verdict and the exact amount shown to be due by a strict mathematical calculation (the discrepancy being about twenty-one cents), yet the variance is so small that it would not warrant a reversal for that reason. See *Grim* v. *Adkins*, 21 Ind. App. 106, 109. The law does not deal in trifles. There was some evidence, aside from the note and indorsements, to support the verdict. Under the settled rule we can not disturb the judgment where there is some evidence to support it.

Counsel have not given any reason in support of the second cause for a new trial, and we are unable to see wherein the verdict is contrary to law.

In the course of the trial, appellant offered in evidence Exhibit A, filed with his third paragraph of answer, and over appellee's objection the court refused to admit it. It is claimed by appellant that this exhibit was made by two expert accountants from the books of the partnership business. It appears, however, from the evidence of the accountants that many items of the statement were taken from receipts, drafts, notes, etc., which appellant claimed to have paid, both before and after the death of appellee's decedent. It seems clear to us that this statement was not competent evidence, for at least two reasons, to wit: (1) It is clear that this evidence was offered in support of the third paragraph of answer, which, as we have seen, was bad, and hence no error could be predicated upon a refusal to admit evidence in its support. (2) The exhibit as offered was made up, as we have seen, from the books of the partnership and from receipts, drafts, etc. Many of the items appearing in the state-

ment were shown to be taken from the entries on the books made by appellant, or under his direction after the death of the decedent, and from receipts, drafts, notes, etc., which the accountants embraced in the statement upon the information from appellant that he had paid them. It is plain that the books themselves, kept by appellant after the death of his partner, could not be introduced in evidence against his estate, and it must follow as a logical sequence that statements taken from the books were not admissible. Counsel for appellee urge other objections to the admissibility of the offered evidence, but what we have said sufficiently disposes of the question.

Appellant urges that the court erred in sustaining objections to the introduction of other offered evidence of a like character, but the reasons given in support of the ruling of the trial court upon the evidence we have been discussing fully sustains the action of the court in rejecting it.

In his motion for a new trial, appellant alleged that the court erred in giving certain instructions, but in his brief he has only called our attention to the twelfth, which is as follows: "As to whether upon final settlement of the firm affairs of Beckett & Burt, said firm will be insolvent or not, or as to whether Mr. Beckett will or will not have enough money in his hands to pay himself, as surviving partner, or whether Mr. Beckett will have to pay money out of his individual means to settle the same, you have nothing to do. No evidence has been legitimately introduced before you determining this question." In view of the issues upon which the cause was tried, we are unable to see any objection to this instruction, and counsel have not pointed out any. All they say about it is: "We think the charge erroneous and misleading to the jury."

What we have said in discussing the sufficiency of the third paragraph of answer is applicable in this connection. The question of the solvency or insolvency of the partnership of Beckett & Burt was not raised by the issues. If it was solv-

ent, appellant must look to its assets to remunerate him for individual funds expended in the settlement of its business. If it was insolvent, it was his duty so to allege. He failed to do this, and when the court told the jury that they had nothing to do with that question, he correctly stated the law under the issues. We do not find any error in the record.

Judgment affirmed.