STATE, EX REL. BEDSTER, *v.* FRENTRESS ET AL.

[No. 5,593.    Filed January 31, 1906.]

1. EVIDENCE.—*Bonds.—Deputy Marshal.—Appointment.*—Where defendant deputy marshal, in the discharge of the duties of his office, unlawfully beat plaintiff, his official bond is admissible in evidence in an action on such bond for damages for such injury, though there was no record made by the town trustees of his appointment or of his length of term and no approval of his bond, where the evidence introduced justified an inference that such appointment was made, the bond executed and delivered and that the principal therein had acted as deputy marshal for three or four months prior thereto.    p. 246.

2. MUNICIPAL CORPORATIONS.—*Towns.—Trustees.—Deputy Marshal.—Appointment.*—The board of trustees of a town have the power to appoint a deputy marshal (§§4350, 4351 Burns 1901, Acts 1893, p. 293, §§1, 2).    p. 247.

3. OFFICERS.—*Deputy Marshal.—Right to Deny Capacity.*—Defendant, who has been acting deputy marshal for several months, is estopped, in an action on his official bond for damages, from denying that he was an officer *de jure.*    p. 247.

4. SAME.—*Appointment.—Collateral Attack.*—Where defendant has been serving as deputy marshal for several months, his appointment is not subject to a collateral attack.    p. 247.

5. SAME. — *Bonds. — Approval. — Liability.* — Where defendant deputy marshal executed his bond with surety to the town, the fact that the town trustees failed to approve such bond does not release the surety.    p. 247.

6. SAME. — *Appointment. — Failure to Designate Term.* — The failure of the town trustees to designate the term for which a deputy marshal was appointed does not release him or his surety on his official bond where it is shown that he was acting under such appointment.    p. 247.

State, *ex rel.,* *v.* Frentress—37 Ind. App. 245.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by the State of Indiana, on the relation of Lee Bedster, against Winslow Frentress and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Lambdin, McCormick & Gilkison,* for appellant.

*W. J. Buskirk* and *Perry McCart,* for appellees.

ROBY, C. J.—Suit upon an official bond executed by appellee Frentress as principal and appellee Ballard as surety, and conditioned for the faithful discharge by the former of the duties required of him as deputy marshal of the town of West Baden. It is averred that said Frentress arrested the relator, who was intoxicated and made no resistance thereto, and that said Frentress thereafter, without cause or provocation, assaulted the relator with a deadly weapon, and inflicted serious and permanent injury upon him. Issue was formed by general denial.

Upon the trial evidence was introduced tending to sustain the averments of the complaint. An objection was sustained to the introduction of the bond, and the 1. correctness of that ruling, because of which the defendants had judgment, is the question for decision. The objection was placed upon three grounds: (1) That there was no proof of the appointment of Frentress as deputy marshal by the board of trustees of said town; (2) that there was no proof of any time fixed for his term, if he was appointed; (3) there was no evidence of the approval of the bond by said board. There was evidence introduced justifying the inference that such appointment was made and the bond in suit delivered to the proper authorities, from whose possession it was obtained for use at the trial. No record of the appointment was made, but it was shown, without contradiction, that appellee Frentress acted as such officer for three or four months prior to the assault and battery complained of, after which the board asked him to quit. The bond in suit contained an

oath of office, duly subscribed and made. The relator was arrested by said appellee acting as such officer.

2. The board of trustees of said town had power to appoint a deputy marshal, to regulate the amount of his bond and compensation, and his term of service. §§4350, 4351 Burns 1901, Acts 1893, p. 293, §§1, 2. The evidence justified the conclusion that he was so ap-

3. pointed and was acting as an officer *de facto* at least. He can not now be heard to say that he was not an officer *de jure.* *State* v. *Duncan* (1899), 153 Ind. 318. His right to the office can not be collaterally questioned, whatever might be done in a direct proceeding for

4. that purpose. *Case* v. *State, ex rel.* (1879), 69 Ind. 46; *Mowbray* v. *State, ex rel.* (1882), 88 Ind. 324; *Parker* v. *State, ex rel.* (1892), 133 Ind. 178, 200, 18 L. R. A. 567.

The examination and approval of the bond was a public duty, the neglect of which does not affect the liability of the surety in an action for the default of the

5. principal. *Mowbray* v. *State, ex rel., supra;* Mechem, Pub. Officers, §§311-314.

The same considerations control with regard to the length of time for which the officer was appointed. A failure upon the part of the board to designate such

6. term is immaterial, the act complained of occurring at a time when the officer was in fact acting thereunder.

Judgment reversed, and cause remanded, with instructions to sustain motion for a new trial; and further proceedings not inconsistent herewith.