BOARD OF COMMISSIONERS OF SHELBY COUNTY *v.* HACK.

[No. 16,436.   Filed April 14, 1941.]

*George C. Forrey, III,* and *White, Wright & Boleman,*
all of Indianapolis, and *Herbert C. Jones* and *Claude R.
Henry,* both of Shelbyville, for appellant.

*M. O. Sullivan,* of Shelbyville (*Robert Hollowell, Jr.,*
of Indianapolis, of counsel), for appellee.

BLESSING, J.—The appellee (plaintiff below) filed his
complaint against the appellant (defendant below) in
two paragraphs seeking recovery of premiums on the
bonds of two deputy treasurers whom the county treas-
urer of Shelby County, Indiana, had appointed and from
whom he had exacted bonds.

On submission of the evidence, the court found for
the appellee and entered judgment against appellant in
the sum of two hundred and twenty dollars ($220).

A motion for a new trial was filed by appellant which
was overruled by the court and this ruling constitutes
the only assignment of error to this court. The motion
for a new trial set forth two reasons therefor, the same
being:

1. That the decision of the court is not "supported"
by the evidence.

2. That the decision of the court is contrary to law.

The case was tried upon an agreed statement of facts
and the following is a brief summary thereof: The

plaintiff (appellee herein) was engaged in the insurance and bonding business in Shelby County, Indiana; that during the years 1936, and 1937, he was the agent of American Bonding Company of Baltimore, Maryland, which during all of such times was authorized to do business in the State of Indiana, and to become surety on bonds of persons, firms, corporations, and of employees of the State of Indiana.

That one John R. Eck was the duly elected and qualified treasurer of Shelby County, Indiana, for a term of two years, beginning on the first day of January, 1936, and assumed the duties of said office as of said date and since said date continued as such treasurer for said term. That at the time said Eck entered upon his duties as such treasurer he executed and delivered his official bond in the sum of seventy-five thousand dollars ($75,000), which penalty was fixed by the board of county commissioners of Shelby County, prior to the said John R. Eck taking office, the penalty of said bond being not less than the largest amount of money coming into the hands of said treasurer at any one time during the term of his office and by virtue thereof; that the surety on Eck's bond which he executed and delivered as treasurer of Shelby County, Indiana, was the American Bonding Company, of which plaintiff was the agent.

That John R. Eck as such county treasurer appointed one Ruby Skillman as first deputy treasurer of said county on the first day of January, 1936, for the term of one year, which appointment was duly approved by the board of commissioners of Shelby County, Indiana; that subsequently, and on the first day of January, 1937, said John R. Eck as said county treasurer reappointed said Ruby M. Skillman as first deputy treasurer of said county for the term of one year following her appointment. That at the time said Ruby M. Skill-

man entered upon her duties as deputy treasurer of said county under her first appointment, said John R. Eck as such county treasurer required her to give bond as such deputy in the penal sum of ten thousand dollars ($10,000) ; and on said date, to wit, January 1, 1936, the said Ruby M. Skillman accepted said appointment, took the oath required by law and delivered her bond as such first deputy treasurer in the penal sum of ten thousand dollars ($10,000) with the American Bonding Company of Baltimore, Maryland, as surety thereon; and said John R. Eck as such treasurer tendered said bond to Claude X. Mohr, who was then and ever since has been the duly elected and acting auditor of said county, to be delivered by him to said board of commissioners for its approval. That said Mohr as such county auditor refused to accept said bond and ever since that time has so refused to accept the same. That said bond was never presented, tendered or delivered to said board of commissioners of Shelby County; and that said board never accepted or approved said bond; and that said board never authorized or directed said bond to be given.

That plaintiff as agent for said American Bonding Company furnished and supplied said bond, so delivered by said Ruby M. Skillman as aforesaid, at her instance and request; that 'the reasonable charge and premium for said bond is the sum of one hundred dollars ($100) *per annum* payable on the first day of each year during the continuance thereof; that said plaintiff has paid the said premium on said bond to said American Bonding Company for the year 1936. That said bond was renewed on the first day of January, 1937, for an additional year, but neither said auditor nor said board of commissioners has ever accepted the same and has continuously refused to accept either said bond or such

renewal thereof or approve the same. That prior to the commencement of this action said plaintiff filed his certain claim with said board of commissioners for the sum of two hundred dollars ($200), which amount covered the premiums on said bond for the years 1936, and 1937, which claim was refused and rejected by said board of commissioners.

It is further stipulated that at no time since the first day of January, 1936, has there been any sum whatsoever appropriated by the county council for the purpose of paying the premium on said bond or the renewal thereof. It is further stipulated that said John R. Eck as such county treasurer appointed one Virginia S. Bass as second deputy treasurer of said county on the first day of January, 1936, and reappointed her on the first day of January, 1937, for a term of one year.

That all the facts stipulated and agreed upon with reference to the appointment and bond of Ruby M. Skillman are identical with the stipulated facts as to Virginia S. Bass save and except the said Virginia S. Bass was required to give a bond in the penal sum of only one thousand dollars ($1,000) and that a reasonable annual premium on said bond was ten dollars ($10). That prior to the commencement of this action the plaintiff filed his certain claim with said board of commissioners for the sum of twenty dollars ($20), which amount was claimed by him as premiums on said bond and renewal thereof, which claim was refused and rejected by said board of commissioners.

That at the time of the disallowance and rejection of plaintiff's claims for the premiums on said bonds there were sufficient funds in the general fund of said Shelby County, Indiana, with which to pay the same, and that there were sufficient funds in said general fund with

which to pay the same at the commencement of this action.

That said plaintiff as such agent during the years 1936, and 1937, was responsible to said company for the payment of original premiums on all bonds written by him and of all annual and continuation premiums on all cancellable bonds during said periods.

The appellant challenges the correctness of the decision of the trial court on three grounds:

1. That there is no liability on the County of Shelby to pay the premiums on the bonds of the two deputy treasurers.

2. That the action cannot be prosecuted by the appellee.

3. That the appellee, if he had the right to maintain this action, pursued the wrong remedy.

As to the first ground for challenge the appellant contends: First, that the bonds of the two deputies were permissive and not mandatory. With respect to this contention, whether the bonds required by the county treasurer were permissive or mandatory is of no consequence. In either event the bonds were the statutory official bonds of public officials, and the fact that the bond of the county treasurer also covered his deputies in no way affects or destroys the official character of the bonds furnished by his two deputies. *Southern Surety Co.* v. *Kinney* (1920), 74 Ind. App. 205, 127 N. E. 575.

The second and third contentions of the appellant on the first ground for challenge are: That the board of commissioners had the power to determine whether or not Shelby County would be responsible for the premiums on the bonds of the deputies and that no appropriation was made for the payment of the premiums, the recovery of which is

sought in this action. By the stipulation of facts it is shown that the bonds of the two deputies were required by the county treasurer of Shelby County. Section 49-3105, Burns' 1933, vested this authority in the said treasurer. Both deputies met this requirement and furnished bonds with the American Bonding Company as surety on each of said bonds. These bonds were official bonds, *Southern Surety Company* v. *Kinney, supra;* and unless approval of said bonds was necessary, the premiums thereon became the obligations of Shelby County, Indiana, payable out of the general fund of said county without an appropriation therefor. Section 49-115, § 49-116, § 49-117, Burns' 1933.

The fourth contention under the first ground for challenge is that the bonds of the two deputy treasurers were never accepted or approved by the appellant or any other official; therefore, no liability is incurred by said Shelby County with respect to payment of the premiums on said bonds.

An examination of the statutes fails to disclose any specific provision for the approval of bonds required of deputy treasurers.

Section 49-3101, Burns' 1933, provides for the official bond of the county treasurer, fixes the penalty and requires the acceptance of the same by the board of county commissioners. Section 49-502, Burns' 1933, provides that such deputies (including deputies appointed by county treasurers) shall take the oath required of the principals and subjects them to the same regulations and penalties.

The approval of bonds provided for in § 49-124, Burns' 1933, does not apply to bonds required of deputy treasurers for the reason that this section deals only with officers who are elected. It would seem, therefore, that if the bonds of deputy county treasurers required

approval, then such bonds should be approved by the board of commissioners of the county wherein such deputies are appointed.

The stipulation of facts discloses that when the bonds of Ruby Skillman and Virginia Bass had been executed and presented to the county treasurer, he in turn tendered them to the county auditor to be delivered by him to the appellant, board of commissioners, for approval. The county auditor refused to accept said bonds, and the same were never presented or delivered to said board of commissioners.

At another place in said stipulation, it is agreed that these bonds were renewed on the first day of January, 1937, but that neither the auditor nor the board of commissioners ever accepted the same and has continuously refused to accept either the bonds or the renewal thereof or approve the same.

Upon the presentation of these bonds to the auditor of Shelby County, he had but one duty to perform, and that was in turn to present them to the board of county commissioners of said county for approval or disapproval. The county auditor is the *ex officio* clerk of the board of commissioners and he had no authority to reject said bonds or to pass upon them for any purpose.

If, on the other hand, we are to rely on the fact as stipulated, that the board of commissioners refused to accept said bonds or approve the same, then it appears that said bonds were presented to said board of commissioners. If the bonds were presented to said board of commissioners it was the duty of said board to approve or disapprove said bonds.

An arbitrary disapproval thereof, however, would not defeat the collection of the premiums on said bonds. The disapproval would have to be for some valid rea-

son, such as the insufficiency of the security, an excessive penalty required by the county treasurer, or some defect in the form thereof. Appellant argues that since the same bonding company was surety upon the bonds of the deputies and the bond of the county treasurer, there was no protection afforded to the public because the bond of the treasurer also covered his deputies. While it may be the better practice not to use the same surety on the bond of the county treasurer and the bonds of his deputies, the fact that all of said bonds carry the same surety does not destroy the official character of the bonds furnished by the deputies; and if the security is sufficient, the county is chargeable with the premiums thereon. The facts submitted to the court in this case do not reveal any reason for the board's refusal to accept and approve the bonds in question, and so far as we are apprised the refusal of said board to accept said bonds for consideration was wholly arbitrary. It has been held in this state that the approval of an official bond is not required for the benefit or protection of the surety and the statutory provision for the approval of a bond in an action thereon against the surety is regarded as directory. The fulfillment of the purpose for which such bond is given should not be dependent on the acts or omissions of other officers. *Mowbray, Executor* v. *The State ex rel. City of Peru* (1882), 88 Ind. 324. The examination and approval of the bonds of these deputies was a public duty, the neglect of which would not affect the liability of the surety in an action for the default of the principal. *State ex rel.* v. *Frentress* (1906), 37 Ind. App. 245, 76 N. E. 821. Section 49-113, Burns' 1933, provides that defects in the approval does not affect the validity of official bonds in a suit thereon, if such defects are suggested and the collection of the premiums on

official bonds cannot be prevented because of lack of approval occasioned by the neglect or refusal of the approving authority.

We next consider the right of the appellee to prosecute this action as plaintiff. Under the stipulation of facts, it is shown that the appellee was agent for the American Bonding Company for the years 1936, and 1937, and was responsible to said company for the payment of original premiums upon all bonds written by him and of all annual and continuation premiums on all cancellable bonds during said periods. The fair import of this language is that the appellee as agent was not only chargeable with the collection of said premiums but bound to pay the bonding company in all events. In the case of *Met. Life Ins. Co.* v. *Olmsted Co.* (1927), 28 Ohio App. 139, 145, 162 N. E. 641, where this same question was raised, the court said:

> "It will not be necessary to dwell long upon this proposition. In other cases similar to this, we have held that an insurance agency such as the George H. Olmsted Company is an entity, and makes contracts in its own name, and can maintain suits in its own name. It is true it represents, in a measure, various fire insurance companies as principals, but it stands in the position of a *del credere* agent. The contract was made by it, in its own behalf, and the insurance company never deals directly with the insured, but always gets its pay from the Olmsted Company. We think, therefore, that the suit could be maintained by the George H. Olmsted Company."

The appellee paid the bonding company the premiums on both bonds for the year of 1936, which is further proof of his responsibility to the American Bonding Company for these premiums, and the payment of these claims to appellee would be a full discharge of the liability of Shelby County therefor.

We think there is no merit in the contention of the appellant that a different remedy should have been pursued by appellee in this cause. The evidence shows that the appellee filed his claims with the board of county commissioners of Shelby County and that the same were disallowed. Under § 26-820, Burns' 1933, the appellee then had his option of an appeal to the circuit court or to bring an independent action. If the appellee had another remedy, which we need not decide, the one he chose was within his right of election.

Finding no reversible error, judgment of the lower court is hereby affirmed.

Stevenson, P. J., not participating.

NOTE.—Reported in 33 N. E. (2d) 367.